UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>RYAN W. PAYNE,<br><br>Defendant. | Case No. 2:16-cr-00046-GMN-PAL<br><br>ORDER<br><br>(Mot Compel and Cease – ECF No. 727, 735)<br>(Mot Impound – ECF No. 734)<br>Mot for Special Master – ECF No. 736) |

Before the court is Defendant Ryan W. Payne's ("Payne") Motion to Compel and for Order to Cease and Desist Recording (ECF Nos. 727. 735), Motion to Impound Government Evidence (ECF No. 734), and Motion for Appointment of Special Master (ECF No. 736), which were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3. The court has reviewed the motion and Joinders of Santilli, O'Shaughnessy, Stewart, Dave Bundy, McGuire, Woods, Mel Bundy, Santilli, Ryan Engel, Ryan Bundy and Cliven Bundy (ECF Nos. 733, 737, 743, 745, 748, 766, 767, 768, 775, 785, 787, 788, 789, 790, 794, 812, 815, 827, 831, 850, 852, 853, 857, 858), the government's Combined Response in Opposition (ECF No. 932), and Payne's Omnibus Reply (ECF No. 954).

**<u>BACKGROUND</u>**

Payne is charged in a superseding indictment returned March 2, 2016, with:

- Count One – Conspiracy to Commit an Offense Against the United States in violation of 18 U.S.C. § 371. This charge arises from conduct that allegedly occurred sometime between March of 2014 and March of 2016.

- Count Two – Conspiracy to Impede or Injure a Federal Officer in violation of 18 U.S.C. § 372. This charge arises from conduct that allegedly occurred sometime between March of 2014 and March of 2016.

- Count Three – Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) and (2). This charge arises from conduct that allegedly occurred sometime between March of 2014 and March of 2016.

- Count Four – Assault on a Federal Officer in violation of 18 U.S.C. § 111(a)(1), (b) and (2). This charge arises from conduct that allegedly occurred on April 9, 2014.

- Count Five - Assault on a Federal Officer in violation of 18 U.S.C. § 111(a)(1), (b) and (2). This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Six - Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) and (2). This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Seven – Threatening a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 115(a)(1)(B) and (2). This charge arises from conduct that allegedly occurred on April 11, 2014.

- Count Eight - Threatening a Federal Law Enforcement Officer in violation of 18 U.S.C. 15(a)(1)(B) and (2). This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Nine – Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) and (2). This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Ten – Obstruction of the Due Administration of Justice in violation of 18 U.S.C. § 1503 and § 2. This charge arises from conduct that allegedly occurred on April 6, 2014.

- Count Eleven – Obstruction of the Due Administration of Justice in violation of 18 U.S.C. § 1503 and § 2. This charge arises from conduct that allegedly occurred on April 9, 2014.

- Count Twelve – Obstruction of the Due Administration of Justice in violation of 18 U.S.C. § 1503 and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Thirteen – Interference with Interstate Commerce by Extortion in violation of 18 U.S.C. § 1951 and § 2. This charge arises from conduct that allegedly occurred between April 2, 2014, and April 9, 2014.

- Count Fourteen - Interference with Interstate Commerce by Extortion in violation of 18 U.S.C. § 1951 and § 2. This charge arises from conduct that allegedly on April 12, 2014.

- Count Fifteen – Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) and (2). This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Sixteen - Interstate Travel in Aid of Extortion in violation of 18 U.S.C. § 1952 and § 2. This charge arises from conduct that allegedly occurred sometime between April 5, 2014 and April 12, 2016.

**I.     Motion to Compel and for Order to Cease and Desist Recording (ECF No. 727)**

In this motion, Payne seeks an order compelling the production of discovery, instructing the Corrections Corporation of America to cease and desist recording privileged attorney-client phone communications, and an evidentiary hearing. The motion argues that counsel has developed a good-faith belief that the facility operated by the Corrections Corporation of America in Pahrump, Nevada ("CCA-Pahrump") where Payne is housed is recording pretrial detainees' telephone conversations with their attorneys, and handing over copies of those recordings to the U.S. Attorney's Office ("USAO") for the District of Nevada. This good-faith belief was formed when a member of the Criminal Justice Act ("CJA") Panel appointed in a separate case in this district informed the office of the Federal Public Defender that the USAO disclosed in discovery several audio recordings of privileged confidential attorney-client calls between the CJA attorney, that attorney's associate, and their client who is detained in Pahrump. The USAO also provided these privileged recorded conversations to counsel for the co-defendants in the case.

The motion argues that in a District of Kansas case, *United States v. Black*, 2:cr-20032-JAR, CCA's Leavenworth Detention Center recently disclosed to attorneys that it video recorded confidential, privileged, in-person meetings with detained inmates and their attorneys at its Kansas facility. CCA-Leavenworth provided the Kansas USAO video of numerous attorney-client meetings in response to a subpoena filed as part of a criminal investigation. The court in the *Black* case held that the videos contained attorney-client communications that were confidential and privileged.

Counsel for Payne has not received information that CCA-Pahrump records video of attorney-client meetings. However, based on information received from the ongoing Kansas litigation, and information received from local a local CJA Panel attorney, Payne asserts he has a good faith belief that CCA may be systematically and deliberately recording privileged attorney-

client communications. Payne has used the facility's phone system to speak with counsel while detained at CCA Pahrump. Payne therefore requests, pursuant to Fed. R. Crim. P. 16(a)(1)(B) to compel the production of any recordings of calls between Payne and his counsel while he has been detained at CCA-Pahrump. He also seeks an order directing CCA-Pahrump to immediately cease and desist further recording of attorney-client phone calls and an evidentiary hearing.

Payne argues that he is entitled to virtually all of his own statements under applicable Ninth Circuit authority construing Rule 16(a)(1)(A). He also argues he is entitled to a cease and desist order to protect his Sixth Amendment right to confidential communications with his counsel. He argues that his ability to prepare for trial requires that his communications with counsel be kept confidential. The need to communicate with counsel is especially important because CCA-Pahrump is a distance away from the courthouse. This motion has been filed to bring this matter to the court's attention because counsel fear that with their good faith belief that privileged conversations are being recorded could result in a waiver of the attorney client privilege if no action is taken. Now that counsel is aware CCA-Pahrump is or may be recording pretrial detainees' calls, Payne fears that he may be found to waive the attorney-client privilege by continuing to communicate with counsel over the phone.

Denying his ability to speak confidentially with counsel threatens to violate Payne's Sixth Amendment right to effective assistance of counsel. Payne seeks prospective relief and therefore maintains that he need not show the possibility that CCA-Pahrump has recorded his calls has prejudiced him. However, even if he is required to demonstrate prejudice, he argues that the government has affirmatively acted to intrude on the attorney-client relationship to obtain privileged information by "apparently requesting tape-recorded conversations from CCA-Pahrump in the unrelated District of Nevada case" described in his motion.

He seeks an evidentiary hearing to determine the extent of any involuntary disclosure of privileged communications. Specifically, he asks that the court hold an evidentiary hearing to investigate: (1) the extent to which CCA-Pahrump records detainees' calls to their attorneys; (2) CCA-Pahrump's policies regarding turning over to the USAO recordings of detainees' calls to their attorneys; (3) the USAO's rules and procedures for using CCA-Pahrump's recordings of

4

detainees' calls to prosecute criminal cases; and (4) whether the USAO is in possession of calls Payne has made to his counsel while detained at CCA-Pahrump.

**II.     Motion to Impound Government Evidence (ECF No. 734)**

In this motion, Payne seeks an order directing the government to produce all recordings of conversations between Payne and his counsel made while he has been detained at CCA-Pahrump. Specifically, he asks for an order directing the U.S. Attorney's Office ("USAO") to produce to the court:

1. All recordings in its possession—both originals and copies of phone conversations between Payne and his counsel since Payne has been detained at CCA-Pahrump;
2. All derivative information from these recordings such as transcripts, notes, or reports or recordings; and for an
3. Accounting of the USAO's determination of these recordings to Mr. Payne's co-defendants, their counsel, or anyone else.

This request is also based on the District of Kansas, *United States v. Black, et al.*, Case No. 2:16-cr-20032-GAR   In that case, the district court reportedly ordered relief materially identical to that requested by Payne in this motion after determining that impounding evidence was necessary to prevent further possible review or dissemination of protected attorney-client communications.

**III.     Motion for Appointment of Special Master (ECF No. 736)**

This motion requests an order appointing a special master to inquire into:

1. The recording of confidential, privileged calls between detainees at CCA-Pahrump and their attorneys;
2. CCA-Pahrump's disclosure of those recordings to the USAO's office;
3. The USAO's dissemination of those recordings to co-defendants of the detainees being recorded; and
4. The USAO's use of those records in criminal prosecutions.

This is one of three separately filed motions addressing the information counsel for Payne has which leads him to conclude that CCA-Pahrump is recording attorney-client phone

5

conversations. Payne acknowledges that the Federal Rules of Criminal Procedure do not expressly authorize the appointment of a special master in criminal cases. However, the Ninth Circuit has held that the Federal Rules of Criminal Procedure give the courts substantial discretion to manage their dockets, and Rule 57(b) authorizes a judge to "regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." At least one circuit has cited Rule 53 [sic] to support appointment of a special master in criminal cases. Because CCA-Pahrump may have violated hundreds of pretrial detainees' Sixth Amendment rights to the effective assistance of counsel, Payne asks the court to appoint a special master tasked with finding and reporting on the relevant facts.

### IV. The Government's Combined Response

The government filed a consolidated response opposing the motions arguing that because it is a discovery matter under LCR 16-1(c), Payne was required to "meet and confer" before filing a motion. Payne did not do so and the motion does not contain the required certification that after personal consultation with the attorney for the opposing party, his counsel was unable to resolve the dispute without court action as required by LCR 16-1(c). However, on the merits, government counsel represents it contacted counsel for Payne upon receipt of these motions and represented that the government does not have in its possession any recorded calls between Payne and counsel for Payne from CCA-Pahrump. The government argues that CCA-Pahrump is not part of the prosecution team, and therefore, the government is not required to search for any recorded calls CCA-Pahrump makes. The government affirmatively represents that the prosecution team is not in possession of any recordings from CCA-Pahrump between Payne and his counsel or among his co–defendants and their counsel. The government therefore requests that the court enter an order denying the motions.

## **DISCUSSION**

Payne's speculation that CCA-Pahrump may be recording attorney-client communications based on an unrelated District of Kansas case and information from an unidentified CJA panel member in an unidentified case in this district is insufficient to warrant the relief requested. The

government affirmatively represents that it has no recordings of conversations between Payne and his counsel, or between Payne's co-defendants and their counsel.

Having reviewed and considered the matters,

**IT IS ORDERED** that:

1. Payne's Motion to Compel and for Order to Cease and Desist Recording (ECF Nos. 727, 735) is **DENIED**.
2. Payne's Motion to Impound Government Evidence (ECF No. 734) is **DENIED**.
3. Payne's Motion for Appointment of Special Master (ECF No. 736) is **DENIED**.
4. The requests for Joinder (ECF Nos. 733, 737, 743, 745, 748, 766, 767, 768, 775, 785, 787, 788, 789, 790, 794, 812, 815, 827, 831, 850, 852, 853, 857, 858) are **GRANTED.**

DATED this 18th day of November, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE