UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>RYAN W. PAYNE,<br><br>Defendant. | Case No. 2:16-cr-00046-GMN-PAL<br><br>ORDER<br><br>(Mot for Deadline– ECF No. 862) |

Before the court is Defendant Ryan W. Payne's ("Payne") Motion Requesting Deadlines on Discovery Matters (ECF No. 862) which was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3. The court has reviewed the motion and Joinders of, Ryan Bundy, Stewart, Santilli, McGuire, Parker, Cliven Bundy, Woods, O'Shaughnessy, Ammon Bundy (ECF Nos. 815, 831, 868, 869, 874, 884, 888, 900, 905, 907, 916, 918), the government's Response (ECF Nos. 916, 918), and Payne's Reply (ECF No. 940).

## **BACKGROUND**

Payne is charged in a superseding indictment returned March 2, 2016, with:

- Count One – Conspiracy to Commit an Offense Against the United States in violation of 18 U.S.C. § 371. This charge arises from conduct that allegedly occurred sometime between March of 2014 and March of 2016.

- Count Two – Conspiracy to Impede or Injure a Federal Officer in violation of 18 U.S.C. § 372. This charge arises from conduct that allegedly occurred sometime between March of 2014 and March of 2016.

- Count Three – Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) and (2). This charge arises from conduct that allegedly occurred sometime between March of 2014 and March of 2016.

- Count Four – Assault on a Federal Officer in violation of 18 U.S.C. § 111(a)(1), (b) and (2). This charge arises from conduct that allegedly occurred on April 9, 2014.

1

- Count Five - Assault on a Federal Officer in violation of 18 U.S.C. § 111(a)(1), (b) and (2). This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Six - Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) and (2). This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Seven – Threatening a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 115(a)(1)(B) and (2). This charge arises from conduct that allegedly occurred on April 11, 2014.

- Count Eight - Threatening a Federal Law Enforcement Officer in violation of 18 U.S.C. 15(a)(1)(B) and (2). This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Nine – Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) and (2). This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Ten – Obstruction of the Due Administration of Justice in violation of 18 U.S.C. § 1503 and § 2. This charge arises from conduct that allegedly occurred on April 6, 2014.

- Count Eleven – Obstruction of the Due Administration of Justice in violation of 18 U.S.C. § 1503 and § 2. This charge arises from conduct that allegedly occurred on April 9, 2014.

- Count Twelve – Obstruction of the Due Administration of Justice in violation of 18 U.S.C. § 1503 and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Thirteen – Interference with Interstate Commerce by Extortion in violation of 18 U.S.C. § 1951 and § 2. This charge arises from conduct that allegedly occurred between April 2, 2014, and April 9, 2014.

- Count Fourteen - Interference with Interstate Commerce by Extortion in violation of 18 U.S.C. § 1951 and § 2. This charge arises from conduct that allegedly on April 12, 2014.

- Count Fifteen – Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) and (2). This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Sixteen - Interstate Travel in Aid of Extortion in violation of 18 U.S.C. § 1952 and § 2. This charge arises from conduct that allegedly occurred sometime between April 5, 2014 and April 12, 2016.

In the current motion, Payne seeks an order establishing a deadline for the government to disclose all discovery it intends to rely upon so that defense counsel can properly prepare for trial. Payne also seeks an order barring the admission of evidence that is not disclosed within the deadlines the court sets. The motion points out that in the court's April 26, 2016 case management order, the court ordered the government to disclose Phase I and Phase II discovery as described in the government's proposed complex case schedule by May 6, 2016. Phase I and Phase II discovery included:

- All search warrants, applications and affidavits relating to the search and seizure of documents, property or things belonging to the defendants (Phase I)
- All statements, documents, and objects including audio or video recordings, required to be disclosed under Fed. R. Crim. P. 16(a)(1)(A)-(B) and (D) (Phase I); and
- All documents, property or things required to be disclosed under Federal Rules of Criminal Procedure 16(a)(1)(E) (Phase II).

With respect to Phase III discovery, the government agreed to disclose all police reports or investigative reports that relate to the charges in the Indictment, except for reports, memoranda, or other internal government documents that relate to interviews of perspective witnesses. Payne acknowledges that the government has disclosed several reports and documents fitting this category. With respect to Jencks Act materials, the government agreed to disclose this material no later than 30 days before trial. However, given the number of witnesses the government intends to call, Payne is requesting Jencks material be released 90 days before trial, or by Monday, November 7, 2016.

The government also agreed to provide expert witness disclosures required by Rule 16(a)(1)(G) no later than 30 days before trial. However, given the nature of the trial, the number of the defendants involved, and the potential need to hire additional experts based on the government's intended expert witnesses, Payne requests that the government be ordered to make these disclosures 90 days before trial, or by Monday, November 7, 2016. Payne also asks for an order establishing deadlines for the government to provide any summaries it intends to offer under

3

Federal Rule of Evidence 1006, Federal Rule of Evidence 404(b) materials regarding "other offense" evidence; evidence favorable to the defense; law enforcement personnel files and other files within the government's care, custody or control for all testifying witnesses, including testifying law enforcement personnel, who may have been controlling or contacting any confidential informant that may have been involved in this case or handling of the evidence seized in this case as required by *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); and co-defendants' statements the government intends to use at trial so that Payne may properly litigate any *Bruton* issues before trial.

The government's Response (ECF No. 918) argues that Payne's motion seeks an order modifying the court's Case Management Order (ECF No. 321) which is a discovery matter for which LCR 16-1(c) requires Payne to "meet and confer" with the government before filing a motion requesting court action. Payne did not meet and confer and his motion does not contain the required certification that he attempted to do so.

On the merits, the government argues that Payne seeks to modify the case management order when counsel for Payne refused to participate in meaningful and in good faith discussions crafting it. When the parties met in late March 2016, Payne's counsel took the position he would not agree on any matters regarding discovery scheduling or a trial date because he did not believe the case was complex notwithstanding the government's representations concerning the volume of evidence, the number of witness interviews, and the legal issues that would be raised. Additionally, the government points out that Payne opposed having the case designated as complex. At the case management conference on April 22, 2016 Payne's counsel told the court that in Payne's view "this is not a huge case, but 'a relatively small case,' and one that should not take a tremendous amount of time."

Following conferences with each of the counsel for the co-defendants, the government submitted a proposed complex case schedule April 18, 2016. It provided a detailed account of the nature of the investigation, the anticipated volume of the evidence, and numerous other factors supporting the government's position this case is complex. The government's filing noted that Payne's counsel did not agree to its proposal and Payne filed his own "Alternative Scheduling

Statement" (ECF No. 269) where, among other things, he accused the government of "artificially inflating the number of defendants" and argued the case should not be declared complex, and that it was only the government's "over-reaction to the defendants' actions that complicates an otherwise simple case."

At the April 22, 2016 scheduling and case management conference, the court heard from counsel for the government and each of the defendants regarding their proposals for a case management order and trial date. Among the legal issues the government pointed out would need to be raised was the Supreme Court's recent decision in *Johnson* regarding the Section 924(c) charges. The government's response quotes counsel for Payne at length in remarks to the court arguing that this was not a huge case, but rather a relatively small case, and one which was not going to take a tremendous amount of time. In her arguments to the court, counsel for Payne also indicated that 30 to 45 witnesses did not make the case complex, that the charges were conspiracy and gun charges unlike "a sophisticated white-collar banking crime or bankruptcy fraud or mortgage fraud" case.

Under these circumstances, the government argues that Payne has always taken the position that this case was simple and no different than other cases counsel dealt with every day. Yet, Payne now claims he wishes to avoid "last minute disclosures" and needs an order requiring the government to produce information 90 days before trial. The government maintains that Payne has not demonstrated a need, at this late date, to modify the court's case management order which the government has relied upon in proceeding and preparing this case for trial in February 2017. The government therefore asks that the court deny Payne's motion and all joinders.

Payne replies that the government is correct that he did not meet and confer on the issues raised in the motion. However, Payne is not asking the court to intervene and rule whether the defense is entitled to certain discovery, or to modify the Case Management Order (CMO). Rather Payne seeks an order (1) setting deadlines for discovery discussed in the CMO; (2) a ruling on matters on which the CMO is silent; and (3) a ruling barring admission of evidence that does not conform to the deadlines. When Payne made representations about the size of the case he had not yet received discovery. The court has now designated the case as complex and discovery should

be produced with sufficient time to allow for proper defense investigation and use of experts. If the government does not designate experts until 60 days before trial it will leave insufficient time for the defense to determine whether rebuttal experts will be required.

**DISCUSSION**

Counsel for Payne and the defendants joining in this motion could have and should have met and conferred with counsel for the government as required by LCR 16-1(c) before filing this motion. However, the government has recently proposed, for the first time, that the court sever the trial into 3 groups of defendants, the first to proceed to trial February 6, 2017, the second to proceed in May 2017, and the 3rd to proceed in August 2017. The court has entered an Order (ECF No. 978) granting the defendants' requests to supplement their motions to sever now that they have had more than 6 months to review the discovery produced by the government. The defendants have until November 30, 2016 to file in a single supplement and response to the government's proposal. The government has until December 7, 2016 to file its replies. The court has advised the parties that it has determined it is logistically impossible to try all 17 defendants currently set for trial on February 6, 2016 in a single trial, and that although the court was not inclined to order separate trials for all of the defendants, severance would be ordered. The remaining questions are how many trials should be ordered, and which defendants should be tried together.

The court will decide how this case will be severed as expeditiously as possible once supplemental briefing of the government's proposal is completed. The court will also set deadlines for certain discovery, expert disclosures and notices of defense to facilitate the timely and orderly preparation of this case for trial. Deadlines will be established for discovery and disclosures applicable to the defendants the court determines will proceed to trial on February 6, 2017. The court will enter a scheduling order applicable to the remaining defendants once severance has been decided and the date(s) for any subsequent trial set. However, the scheduling orders will be entered with the limitations on discovery allowed by the Federal Rules of Criminal Procedure and the Jencks Act in mind.

The Supreme Court has observed that a criminal defendant's right to discovery is "quite limited." *Degan v. United States*, 517 U.S. 820, 825-26 (1996). The court has no authority to order

6

the government to disclose Jencks Act material before a witness testifies. *United States v. Mills*, 641 F 2d. 785, 789-90 (9th Cir 1981). An order requiring early disclosure of Jencks Act materials is unenforceable. *United States v. Taylor,* 802 F 2d. 1108, 1118 (9th Cir. 1986). "When the defense seeks evidence which qualifies as both Jencks Act and *Brady* material, the Jencks Act standards control." *United States v Alvarez*, 358 F. 3d 1194, 1211 (9th Cir. 2003). Additionally, Rule 16(a)(2) was amended effective December 1, 2013 to correct a "scrivener's error" to clarify that the government is not required to disclose reports, memoranda or other internal government documents made by a government attorney or other government agent investigating or prosecuting the case, except as permitted by Rule 16(a)(1)(A) through (D), (F), and (G). This includes statements made by prospective government witnesses except as provided by the Jencks Act. Fed. R. Cr. P. 16(a)(2).

Having reviewed and considered the moving and responsive papers,

**IT IS ORDERED** that:

1. Payne's Motion Requesting Deadlines on Discovery Matters (ECF No. 862) is **Granted** to the extent the following additional case management deadlines are imposed:

    A. The government shall provide the expert disclosures required by Fed. R. Cr. P. 16(a)(1)(G) no later than January 6, 2017 for those defendants the court determines will proceed to trial on February 6, 2017.

    B. The defendants the court determines will proceed to trial on February 6, 2017 shall provide expert disclosures required by Fed. R. Cr. P 16(b)(1)(C) no later than January 6, 2017.

    C. The government shall provide the disclosures required by Fed. R. Cr. P. 16(a) no later than December 5, 2016 for those defendants the court determines will proceed to trial February 6, 2017.

    D. The defendants the court determines will proceed to trial February 6, 2017 shall have until December 5, 2016 to provide the reciprocal discovery required under

Fed. R. Cr. P 16(b)(1)(A), (B) and (C) and any notice of defense required by Rule 12.1.

E. The government shall provide the disclosures required by *United States v. Henthorn,* 931 F. 2d. 29 (9th Cir. 1991) applicable to those defendants the court determines will proceed to trial February 6, 2017 no later than January 6, 2017.

F. The government shall provide co-defendant statements implicating the *Bruton* Rule, applicable to those defendants the court determines will proceed to trial on February 6, 2017, along with any proposed reactions, no later than December 6, 2016.

2. The requests for Joinder (ECF Nos. 815, 831, 868, 869, 874, 884, 888, 900, 905, 907, 916, 918) are **Granted**.

3. Any request for relief not specifically addressed in this order is **Denied.**

DATED this 22nd day of November, 2016.

                                                                                          _____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE