**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-46-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| RYAN W. PAYNE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Ryan W. Payne's ("Defendant's") Objection (ECF No. 1069) to Magistrate Judge Peggy A. Leen's Order (ECF No. 997) entered on November 18, 2016, denying Defendant's Motion to Compel and for Order to Cease and Desist Recording (ECF Nos. 727, 735), Motion to Impound Government Evidence (ECF No. 734), and Motion for Appointment of Special Master (ECF No. 736). The Government filed a Response to Defendant's Objection. (ECF No. 1154).[1]

**I.  BACKGROUND**

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Defendant and eighteen other co-defendants with sixteen counts related to a confrontation with Bureau of Land Management (BLM) Officers in Bunkerville, Nevada, on April 12, 2014. (ECF No. 27).

Defendant is currently in pretrial detention at CCA-Pahrump pending trial. (Order 3:9–10, ECF No. 997). Defendant's Motions center on his belief that CCA-Pahrump is recording

---

[1] On December 8, 2016, co-defendant Steven A. Stewart ("Stewart") filed a Motion for Joinder (ECF No. 1085) to Defendant's Objection (ECF No. 1069). Pursuant to District of Nevada Local Rule IB 3-1(a), any objections to a magistrate judge's order must be filed within 14 days of service. Stewart's Motion for Joinder was not filed within the 14-day deadline to be considered as an Objection to Judge Leen's Order. Accordingly, the Court denies Stewart's Motion for Joinder (ECF No. 1085) as untimely.

pretrial detainees' telephone conversations with their attorneys and sharing these recordings with the U.S. Attorney's Office ("USAO") for the District of Nevada. (*Id.* 3:10–12). Specifically, Defendant's Motion to Compel argues that the Court should compel the Government to produce any recordings from CCA-Pahrump related to Defendant, while also requesting that the Court order CCA-Pahrump to cease and desist recording privileged attorney-client telephone communications. (Mot. to Compel 4:14–18, ECF No. 727). Defendant's Motion to Impound Government Evidence asks the Court to order the Government to produce all such recordings from CCA-Pahrump to the Court and "instruct all those to whom such recordings have been made available that they must immediately refrain from listening to such recordings." (Mot. to Impound 3:18–4:3, ECF No. 734). Lastly, Defendant seeks the appointment of a special master to look into CCA-Pahrump's attorney-client telephone recording policies. (Mot. to Appoint Special Master 1:22–2:1, ECF No. 736).

In her Report and Recommendation, Judge Leen found:

> Payne's speculation that CCA-Pahrump may be recording attorney-client communications based on an unrelated District of Kansas case and information from an unidentified CJA panel member in an unidentified case in this district is insufficient to warrant the relief requested. The government affirmatively represents that it has no recordings of conversations between Payne and his counsel, or between Payne's co-defendants and their counsel.

(Order 6:25–7:2). Based on these findings, Judge Leen denied Defendant's Motions. (*Id.* 7:3–8).

## II. LEGAL STANDARD

When reviewing the order of a magistrate judge, a district judge should only set aside the order if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Nev. R. IB 3-1(a). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See Burdick v. Comm'r IRS,* 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant

statutes, case law or rules of procedure." *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, Case No. 3:11-cv-793-RCJ-VPC, 2012 WL 3884939, at *3 (D. Nev. 2012). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell,* 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & Cty. of San Francisco,* 951 F.2d 236, 241 (9th Cir. 1991).

## III.   DISCUSSION

Defendant asserts several objections to Judge Leen's Order. (Obj., ECF No. 612). First, Defendant argues that Judge Leen erred by "ignor[ing] the significance of counsel's representation . . . that CCA-Pahrump had recorded privileged attorney-client communications and provided them to the USAO." (*Id.* 8:25–9:1). Second, Defendant asserts that Judge Leen erred in "rel[ying] on the government's statement that neither it nor the 'prosecution team' had any attorney-client phone calls in its possession." (*Id.* 9:8–9). Finally, Defendant contends that Judge Leen erred by "fail[ing] to address [Defendant's] request for a cease-and-desist order." (*Id.* 9:14–15).

Having reviewed the record before Judge Leen and the subsequent briefing of the parties, the Court finds that Judge Leen's Order was not clearly erroneous or contrary to law. Neither Defendant's Motion nor his Objection provide sufficient support for this Court to determine otherwise. In his Objection, Defendant relies on *United States v. Kincade*, Case No. 2:15-cr-071-JAD-GWF, a pending case in the District of Nevada where the defendant is similarly in pretrial custody at CCA-Pahrump and the Government produced telephone recordings from CCA-Pahrump. (Obj. 10:7–11:8). In *Kincade*, however, Magistrate Judge George Foley, Jr. similarly denied the defendant's Motion to Compel and for Order to Cease and Desist. (Order, *United States v. Kincade*, Case No. 2:15-cr-071-JAD-GWF (D. Nev. Nov.

11, 2016), ECF No. 184). First, Judge Foley relied on the Government's representations that it had already produced all requested recordings. (*Id.* 1:19–21). Second, Judge Foley explained that because CCA-Pahrump was not a party to the case, a cease and desist order "in this matter [was] not the appropriate avenue to achieve that relief." (*Id.* 2:2–5).

Here, Defendant argues that because there were attorney-client recordings in *Kincade*, "CCA-Pahrump likely is recording all calls made by detainees like [Defendant]." (Obj. 11:16). Such a link is too tenuous without any further evidence that recordings are being made and used in this case too. In *Kincade*, the Government produced the recordings, whereas here, the Government insists that none exist. (*See* Gov't Resp. 4:6). Defendant asserts that Judge Leen erred by believing the Government's representations but "dismissing [defense] counsel's representations as unfounded without any basis for doing so." (Obj. 11:20–21). However, by denying the motion as "insufficient to warrant the relief requested," Judge Leen was not impugning defense counsel's good faith belief in bringing the motion, but rather, she found that defense counsel's good faith belief alone was mere speculation and without more was simply not sufficient evidence to satisfy Defendant's burden of proof, especially when countered by the Government's good faith representations to the contrary. Judge Leen's finding is further supported by the fact that Defendant did not even provide *Kincade* or its case number for Judge Leen's review, although the mere fact that recordings were produced in *Kincade* is not determinative of any recordings in this case.

Accordingly, the Court finds that Judge Leen did not clearly err and Defendant's Objection (ECF No. 1069) is overruled.

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant Ryan Payne's Objection (ECF No. 1069) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Steven A. Stewart's Motion for Joinder (ECF No. 1085) is **DENIED**.

**DATED** this   22   day of December, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court