AT THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVEDA

UNITED STATES,

               Plaintiff,

          v,

RYAN BUNDY,

        Defendant.

§
§
§
§
§
§
§
§

CASE NO. 3:16-CR-00051-BR-05

## NOTICE OF HEARING SUBMISSION OF RYAN BUNDY'S MOTION AND MEMORANDUM FOR DISCLOSURE OF INFORMANTS

To the Honorable Court:

The attached is the request for discovery for the disclosure of informants and as a discovery request for inspection concerning Government's use of informants, operatives, and cooperating individuals that has been filed and that will be used per count on the indictment and will be submitted to the court for consideration at a hearing on_____, at _____.

Respectfully submitted,

/s/ryan  c  bundy
_____
ryan  c  bundy

Verification

I certify the foregoing is true and correct under the penalty of perjury pursuant to 28 USC § 1746 that I am over the age of 18 years, that I have personal knowledge of the facts stated herein, and that I am fully competent to testify to those facts.

/s/ryan c bundy

_____

ryan c bundy

Certificate of Service January 2017

This the 5th day of ~~December 2016~~ a true and correct copy of the foregoing was served to the court, and opposing counsel by ~~first-class mail or better.~~

CM/ECF

_____

Angela Dows

### AT THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEVEDA

**UNITED STATES,**

        **Plaintiff,**

        **v,**

**RYAN BUNDY,**

        **Defendant.**

§
§
§
§
§
§

**CASE NO. 3:16-CR-00051-BR-05**

## MOTION FOR DISCLOSURE OF INFORMANTS

NOW COME the Defendant RYAN BUNDY, and respectfully move this Honorable Court to Order the Government to disclose the names and addresses of any and all informants whom the Government has utilized in the instant case as per count being charged.

## AUTHORITY

The United States Supreme Court held in Roviaro v. United States, 353 U.S. 53 (1957), that:

> *"Where the disclosure of an informant's identity, or of the contents of his communications, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way. Id. at 60."*

Relying on the Court's opinion in Roviaro, the United States Court of Appeals for the Third Circuit has held that Roviaro requires a balancing of the Government's interest in maintaining confidentiality of its informant against a defendant's interest in disclosure.

United States v. Jiles, 658 F.2d 194, 198 (3d Cir. 1981), cert. denied, 455 U.S. 923, 102 S.Ct. 1282 (1982).

In the instant case, the Government relied on confidential information in obtaining its initial search warrants. In moving to suppress the contents of the searches in question, it is essential for the Defendants to investigate whether the Government's reliance on such sources of information was reasonable. The Defendants can clearly show that any alleged confidential informant utilized in their case is a key witness for the Government and, therefore, the informant's privilege should give way to the Defendants' right to disclosure.

The Government has stated that all such information has been provided or can be derived from the discovery previously provided.

## CONCLUSION

Based on the foregoing, the Defendants respectfully request this Honorable Court to enter an Order granting the relief requested and for such other relief as this Court deems necessary and proper.

Respectfully submitted,

/s/ryan c bundy
_____

ryan c bundy

Verification

I certify the foregoing is true and correct under the penalty of perjury pursuant to 28 USC § 1746 that I am over the age of 18 years, that I have personal knowledge of the facts stated herein, and that I am fully competent to testify to those facts.

/s/ryan c bundy

---

ryan c bundy

AT THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVEDA

UNITED STATES,

Plaintiff, §

v, §

§

RYAN BUNDY, §

§

Defendant. §   CASE NO. 3:16-CR-00051-BR-05

DEFENDANT'S REQUEST FOR DISCOVERY AND
INSPECTION CONCERNING GOVERNMENT'S USE OF INFORMANTS,
OPERATIVES AND COOPERATING INDIVIDUALS

COMES NOW Defendant Ryan Bundy, pursuant to Rule 16 of the Federal Rules of
Criminal Procedure and in accordance with the decisions in Roviaro v. U.S., 353 U.S.
53, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957), Brady v. Maryland, 373 U.S. 83, 83 S. Ct.
1194, 10 L. Ed. 2d 215 (1963), and U.S. v. Bagley, 473 U.S. 667, 105 S. Ct. 3375, 87 L.
Ed. 2d 481, 490 (1985) and respectfully requests the United States to furnish the
accused with the following information concerning the use of informants, confidential
informants, witnesses, informers, confidential sources, sources of information,
infiltrators, cooperating individuals, security informers or intelligence assets who
participated in any way or who are material witnesses to any of the events charged in
the indictment. Such individuals are intended to include:

(A) Any person or entity furnishing information to the government on a confidential
basis, where such information has been obtained as a result of legitimate
employment or access to records and is provided consistent with applicable law;

(B) Any other person or entity furnishing information to the government on a confidential basis;

(C) Any other person or entity providing information or substantial operation assistance with some degree of regularity, which may be as infrequent as a few times per year, or as frequent as several times per week; and

(D) It is further requested that the information requested be provided specifically as it may relate or pertain to the following individuals:

(1) All confidential sources as described in any affidavits which have been filed in support of requests for electronic surveillance whether such have been revealed or not;

(2) Any of the named defendants in this indictment who have or are expected to furnish information, cooperation or assistance to the government;

(3) All confidential sources referred to in the affidavits in support of the various search warrants which have been or will be provided in discovery; and

(4) Any other person identified in any document which has been or will be provided in this case.

1. Whether such informant, witness, confidential source or cooperating individual was suspected, apprehended or convicted of any crime(s) at any time during which he or she agreed to gather information on behalf of the United States or any other government agency.

2. What crime(s) or other breaches of law (including jurisdiction and case number) such informant, witness, confidential source or cooperating individual had committed or was suspected of having committed at any time during which he or she agreed to gather information on behalf of the United States or any other governmental agency.

3. Whether any potential or actual criminal charges against any informant, witness, confidential source or cooperating individual were abandoned, altered, or otherwise disposed of upon his or her agreement to gather information on behalf of the United States or any other governmental agency.

4. What financial arrangements existed or exist between any informant, witness, confidential source or cooperating individual and the agencies of the United States, the State of [name of state], or any other state, including but not limited to:

    (a) Any sums of money paid to any informant, witness, confidential source or cooperating individual; and

(b) Copies of any vouchers for payment to any informant, confidential source, cooperating individual or witness.

5. The names, addresses, and criminal records of any informant, witness, confidential source, or cooperating individual to be called as a witness for the government.

6. The substance of any plea bargain(s) entered into by any agency of the United States, the State of [name of state], or the several states, and the authority for any such plea bargains.

7. The substance of any formal or informal agreements made by the United States, the State of [name of state], or the several states with any informant, witness, confidential source or cooperating individual not to charge crimes or to enter into a plea agreement and the authority for any such agreements.

8. Information tending to show bias and/or prejudice on the part of any informant, witness, confidential source or cooperating individual whom the government intends to call at trial.

9. Information tending to show that any informant, confidential source or cooperating individual has made contradictory or inconsistent statements relative to this case, to any related case, or to the defendant.

10. Information tending to show that any informant, witness, confidential source or cooperating individual suffers from any material defect in perception, memory, veracity or articulation.

11. The nature of any past or present relationship between any informant, confidential source or cooperating individual utilized in this case and the FBI, CIA, NSA, NSC, DIA, BATF, U.S. Secret Service, IRS, DEA, U.S. Customs or any other federal agency, the [name of state] Highway Patrol, [name of county] Sheriff's Department, [name of county] Police Department, or any other state agency, including but not limited to the date of such relationship and whether a continuing relationship exists.

12. The exact date, time and place that any informant was engaged by any federal or state agency, and the name of the agency or agencies.

13. Whether any informant utilized by the government has taken a polygraph examination regarding the allegations which are the subject of this indictment, and if so, as to each such person:

   (a) The name of the person;

   (b) The date, time and place of the examination or examinations;

   (c) How many tests were given;

(d) How many tests the person has passed or failed to show deception;

(e) How many tests the person has failed or showed deception;

(f) The names and credentials of the operators;

(g) A copy of the polygraph chart and the examiner's notes for independent evaluation by the defense;

(h) A copy of the pretest questionnaire and answers; and

(i) The purpose for which the person was polygraphed.

14. Whether any informant is or was at the time of the events alleged in the indictment an abuser of alcohol or controlled substances, and if so, then a description of:

(a) The substance;

(b) The amount used;

(c) The extent of addiction;

(d) Current status with regard to alcohol or drug abuse; and

(e) Any and all psychological or psychiatric reports concerning any informants' alcohol or drug abuse problems.

15. Whether any informants utilized by the government in this case have ever had or required any psychiatric or psychological treatment and, if so, then a description of:

(a) When and where the treatment occurred;

(b) The exact nature of the condition treated;

(c) Whether the informant has ever been admitted to a hospital and, if so, when and where, the diagnosis and prognosis; and

(d) Whether the informant is currently receiving treatment and, if so, the nature of such treatment and the nature of the condition being treated.

16. All evidence regarding any witness the government intends to call who is listed as an informant for any agency of the United States government, or any agency of state government, including but not limited to:

(a) The exact nature of the relationship between the witness and the agency;

(b) The date, time and circumstances that such relationship came into existence;

(c) Whether such a relationship was entered into voluntarily by the witness, or as a result of an agreement to forbear prosecution or for sentencing leniency;

(d) Any other reason a relationship was entered into other than a voluntary basis by the witness;

(e) The exact reason the relationship was established; and

(f) The exact amount of money paid to any informant, when and by what method.

17. A full and complete statement of all promises, considerations, rewards, or inducements made by the government, its prosecutors, agents or agencies to induce or encourage any witness the government intends to call at trial and who is listed as an informant for any agency of the United States government, wherein the government has agreed to any of the following (including the equivalent under state law):

(a) Not to prosecute said person for any crime or crimes;

(b) Not to prosecute a third party for any crime or crimes where the reason for not prosecuting the third party is a consideration to the person;

(c) To provide a formal grant of statutory immunity, or to provide an informal assurance that the person will not be prosecuted in connection with any testimony, cooperation, or information given;

(d) To recommend leniency or a particular sentence for any crime or crimes for which the person stands convicted or is expected to be convicted;

(e) To comply with any prior agreements although said witness may have previously violated a part of their agreement;

(f) To recommend or not oppose a reduction of the offense level of the person under the United States Sentencing Guidelines for acceptance of responsibility;

(g) To recommend to the sentencing authority under the United States Sentencing Guidelines a downward departure from the guidelines if that person provides substantial assistance to authorities;

(h) To recommend or not oppose any downward departures or offense level reductions for the person under the United States Sentencing Guidelines;

(i) To seal any plea or plea agreement of that person;

(j) To provide favorable treatment or consideration, including but not limited to, money, expenses, subsistence, a job, a new location, a new start, etc. to the person or to friends or relatives of the person in return for that person's testimony, cooperation, or provision of information;

(k) To make any beneficial recommendation, regarding the person to any state or federal agency;

(l) To cooperate with any state law enforcement agency and that agency's agreement not to prosecute said person for any crime or crimes prohibited by state law; or

(m) To make any other recommendation of benefit, or give any other consideration to the person or friends or relatives of said person; and

(n) To provide a statement to, or speak with, any law enforcement agency, prosecution official or court concerning the witness' assistance or cooperation.

18. With respect to any informants, all materials contained in the "main files" of the FBI, DEA, or other governmental agencies, including but not limited to:

(a) Correspondence requesting approval to initiate suitability and pertinence inquiry;

(b) Indices checks;

(c) Correspondence requesting authority to operate following suitability and pertinence inquiry;

(d) NCIC inquiry and response;

(e) Identification Division Report;

(f) Local arrest records;

(g) Credit checks;

(h) FD 302s, DEA 6s or equivalent government agency documents in which the identity of the informant has been revealed;

(i) FD 209s or equivalent government agency documents containing administrative information that may tend to identify the informant;

(j) Payment request memos;

(k) Requests to FBI HQ for additional payment authority;

(l) Requests to FBI HQ for lump sum payment authority; and

(m) All other administrative type correspondence and any correspondence that identifies or tends to identify the informant.

19. With respect to any informants utilized in this case, any and all information contained in any file designated by the FBI or DEA as "subfile" including, but not limited to FD 302s and DEA 6s in which the identity of the informant is concealed, inserts that conceal the identity of the informant, and annual letters.

20. Inasmuch as the indictment alleges criminal acts beginning in [start date of criminal acts], the accused requests a copy of any supervisor's informant file review log or its equivalent, with respect to any informant utilized in the investigation of this case.

21. Copies of all memoranda requesting payment for services and/or expenses to any informant, which memoranda contain a justification for the request for payment.

22. All approvals for payment for services and/or expenses to an informant utilized in the investigation of this case.

23. Copies of any and all teletypes or faxes furnished to the FBI HQ, DEA HQ or any other governmental agency requesting lump-sum payments to any informants and the

approval for such payments with respect to any informant utilized in the investigation of this case.

24. Whether any informant has testified or is expected to testify in connection with this case, and any proposal to pay the informant for such testimony or pay the purported expenses of the informant, and the nature of any discussions with the U.S. Attorney.

25. Any and all receipts obtained from any informants utilized in the investigation of this case or, if no receipts exist, the written justification for not obtaining a receipt.

26. If the obtaining of a receipt was not possible, the memorandum setting forth the complete circumstances of payment.

27. Whether any informants utilized in the investigation of this case were offered any rewards by any private individuals and, if so, the approval and all documentation relating to such reward(s).

28. Copies of all federal tax returns of any informant utilized in this case filed during the course of the investigation and up until the time of trial.

29. All receipts signed by prospective government witnesses or informants utilized in this case.

30. Any and all representations made to informants concerning the potential of reward or payment for information including fees or payments which may be earned from forfeited assets or collected fines.

31. Whether any informant utilized in this case has previously been used as an informant and/or a witness by any federal or state agency or in any federal or state prosecution and, if so, state:

    (a) The agency or agencies for which the individual was an informant;

    (b) The dates when such a relationship existed and the length of such relationship;

    (c) The dates when and places where the individual testified as a witness; and

    (d) The exact payments the individual received for services and expenses.

32. Any and all documentation detailing or setting forth the accomplishments by informants utilized in this case.

33. The date(s) on which all persons who were informants utilized in this case were "opened" or "closed" as informants.

34. Whether any persons are currently opened as informants.

35. Copies of all instructions required to be given any informant used on a continuing basis, any informant authorized to associate in activities, participation in which

otherwise would be involvement in unauthorized past or continuing criminal activities, and any informant or confidential source providing substantial operational assistance in an undercover operation.

36. A copy of the written record in any informant's or confidential source's file of the instructions given.

37. Any authorization or approval for any informant or confidential source to engage in any activity that would constitute a crime under state or federal law if engaged in by a private person, and the written findings by supervisory officials that such conduct is necessary to obtain information or evidence and that the need outweighs the seriousness of the conduct involved.

38. Copies of pretrial services reports on any informant or confidential source prepared for any informant or confidential source who have been arrested for a federal offense.

39. Copies of presentence reports prepared on any informant or confidential source for any federal conviction or plea of guilty.


Respectfully submitted,

/s/ryan c bundy

_____

ryan c bundy

**Verification**

I certify the foregoing is true and correct under the penalty of perjury pursuant to 28 USC § 1746 that I am over the age of 18 years, that I have personal knowledge of the facts stated herein, and that I am fully competent to testify to those facts.

/s/ryan c bundy

_____

ryan c bundy

AT THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVEDA

UNITED STATES,

                Plaintiff,

           v,

RYAN BUNDY,

        Defendant.

§
§
§
§
§
§
§

CASE NO. 3:16-CR-00051-BR-05

## MEMORANDUM IN SUPPORT OF MOTION TO DISCOVERY AND INSPECTION CONCERNING GOVERNMENT'S USE OF INFORMANTS, OPERATIVES AND COOPERATING INDIVIDUALS

Defendant notes that the government is proceeding in this case under an "open file" discovery policy. This specific request is being filed to fully protect the rights of the Defendant for the reasons set forth in the Introduction of Defendant RYAN BUNDY General Discovery Motion and Discovery Request filed herein. Defendant also points out that the government's discovery obligations may not be limited to materials in the prosecutor's file, but may also impose upon the prosecutor the duty to affirmatively seek out material in the possession of other governmental entities.

In Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), not coincidentally a capital case, the Supreme Court held that due process forbids a prosecutor from suppressing "evidence favorable to an accused upon request where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. at 87. See Giglio v. U.S., 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972). The Supreme Court has also emphasized that impeachment evidence, as well as exculpatory evidence, falls within the Brady rule. U.S. v. Bagley, 473 U.S. 667, 105 S. Ct. 3375, 87 L. Ed. 2d 481, 490 (1985). Such evidence, if disclosed and used effectively, may make the difference between conviction and acquittal. See Napue v. People of State of Ill., 360

U.S. 264, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959) ("The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.").

In acknowledging that the prosecution has a duty to disclose any favorable evidence that could be used at trial, it is frequently overlooked that the prosecution also has a duty to disclose any favorable evidence that could be used "in obtaining further evidence." Giles v. State of Md., 386 U.S. 66, 74, 87 S. Ct. 793, 797, 17 L. Ed. 2d 737 (1967); U.S. v. Baker, 453 F.3d 419, 424 (7th Cir. 2006). Additionally, favorable evidence need not be competent evidence or evidence admissible at trial. U.S. v. Gleason, 265 F. Supp. 880, 886 (S.D. N.Y. 1967); Sellers v. Estelle, 651 F.2d 1074, 1077 (5th Cir. 1981) (evidence suppressed was material to the preparation of petitioner's defense, regardless of whether it was intended to be admitted into evidence).

The Supreme Court has never precisely pinpointed the time at which the disclosure under Brady must be made. It is abundantly clear, however, that disclosure by the government "must be made at such a time as to allow the defense to use favorable material effectively in the preparation and presentation of its case, even if satisfaction of this criteria requires pre-trial disclosure."

U.S. v. Pollack, 534 F.2d 964, 973 (D.C. Cir. 1976). Accord U.S. v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988). Manifestly a more lenient disclosure burden on the government would drain Brady of all vitality. U.S. v. Elmore, 423 F.2d 775, 779 (4th Cir. 1970).

Furthermore, much of the documentary information requested in this motion is discoverable pursuant to Rule 16(a)(1)(E), as being material to the preparation of the defendant's defense. The defense is informed and believes that at least one informant, possibly more, will be a lead prosecution witness in this case. That informant(s) may have been a participant in the alleged wrongdoing charged in the indictment. This informant(s), it is believed,

may have a criminal record and/or background, and may have a history of violence and substance abuse. It is imperative for the defense to be prepared for trial to have information concerning the circumstances and nature of this informant's and any other informant's relationship with state or federal agencies and officials. If the government is not aware of the existence of the requested information, then it should be required to so respond so the defense can independently investigate and obtain the needed information. The government's response may also include information which will require the defense to travel to investigate and may require Rule 17 subpoenas from this or other courts for documents.

The disclosures requested herein should be made at least 90 days prior to trial so that appropriate defense preparation can be made. Failure of the government to provide such information will deny defendant the opportunity to adequately prepare for this capital case, which constitutes a denial of due process and effective assistance of counsel.

Respectfully submitted,

/s/ryan c bundy

_____

ryan c bundy

**Verification**

I certify the foregoing is true and correct under the penalty of perjury pursuant to 28 USC § 1746 that I am over the age of 18 years, that I have personal knowledge of the facts stated herein, and that I am fully competent to testify to those facts.

/s/ryan c bundy

_____

ryan c bundy

AT THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVEDA

**UNITED STATES,**

            **Plaintiff,**

       v,

**RYAN BUNDY,**

       **Defendant.**

§
§
§
§
§
§
§

    **CASE NO. 3:16-CR-00051-BR-05**

AFFIDAVIT OF *RYAN BUNDY* IN SUPPORT OF
DEFENDANT'S *DISCLOSURE OF INFORMANT'S* MOTION

To the Honorable Court:

In **support** of the *Defendant*'s **motion** in the above cause, the undersigned affiant, *RYAN BUNDY, Pro se*, makes this **affidavit** and on oath states the following:

1.  I believe my motion for discovery is self explanatory.

2.  The I believe the motion should be granted based on merit because it will reflect the evidence favorable to my innocence.

3.  I believe this evidence is crucial to my defense.

4.  I have this knowledge and conviction that if this evidence is not provided. I will be surprised at trial at who my witnesses are, and will not be prepared and don't believe i will receive a fair trial.

5.  This motion was not made for harassment or for delay and this motion should be so I can prepare defense in this case.

Affiant further states, without equivocation, that the facts as related above are true and correct and within affiant's personal knowledge.

Respectfully submitted,

/s/ryan  c  bundy

_____

ryan  c  bundy

### Verification

I  certify  the  foregoing  is  true  and
correct  under  the  penalty  of  perjury
pursuant  to  28  USC  §  1746  that  I  am
over  the  age  of  18  years,  that  I  have
personal  knowledge  of  the  facts  stated
herein, and  that  I  am  fully  competent  to
testify  to  those  facts.

/s/ryan  c  bundy

_____

ryan  c  bundy

### Certificate of Service  January 2017

This  the  _____  day  of  ~~December   2016~~  a
true  and  correct  copy  of  the  foregoing  was
served  to  the  court,  and  opposing  counsel  by
~~first class  mail  or  better.~~

CM/ECF

_____

Angela Dows

Form 1G:1  Order on Motion

AT THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVEDA

**UNITED STATES,**
            **Plaintiff,**

        v,

**RYAN BUNDY,**

      **Defendant.**

§
§
§
§
§
§
§

**CASE NO. 3:16-CR-00051-BR-05**

### ORDER ON DEFENDANT'S MOTION FOR
### DISCLOSURE OF THE INFORMANTS

After considering Defendant's RYAN BUNDY's request for discovery for the disclosure of informants and as a discovery request for inspection concerning Government's use of informants, operatives, and cooperating individuals, the response, and arguments of counsel,

the court GRANTS the motion and the government must produce and identify all relief requested in the defendant's motion.

SIGNED on _____, 20___.


_____
PRESIDING JUDGE