**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA, )
)
         Plaintiff, )    Case No.: 2:16-cr-0046-GMN-PAL
vs. )
)    **ORDER**
RYAN W. PAYNE, )
)
         Defendant. )
)

Pending before the Court is Defendant Ryan W. Payne's ("Defendant's") Ex Parte Motion Requesting a Designated Attorney Area in the Courtroom During Groups 1's Trial, (ECF No. 1266). Specifically, Defendant seeks that this Court "designate an area in the courtroom for those defense attorneys who will be going to trial in Group 2 and are interested in observing the presentation of the trial." (Ex Parte Motion Requesting Designated Attorney Area in Courtroom During Groups 1's Trial ("Motion") 3:8–10).

The Supreme Court holds that "the publictrial [sic] guarantee is not violated if an individual member of the public cannot gain admittance to a courtroom because there are no available seats." *Estes v. State of Tex.*, 381 U.S. 532, 588 (1965). "A public trial implies only that the court must be open to those who wish to come, sit in the available seats, conduct themselves with decorum, and observe the trial process." *Id.* at 589.

Moreover, the Ninth Circuit holds that limited audience seating in the courtroom does not amount to a *de facto* closed courtroom that would violate a defendant's Sixth Amendment rights. *United States v. Shryock*, 342 F.3d 948, 974 (9th Cir. 2003); *see United States v. Kobli*, 172 F.2d 919, 923 (3d Cir. 1949) (stating that the constitutional right to a public trial does not require holding trial in a place large enough to accommodate all those who desire to attend); *see also United States v. Evans*, 272 F.3d 1069, 1093 (8th Cir. 2001) ("The need for and extent

of security measures in a courtroom during trial are within the sound discretion of the trial court.").

Here, the Court will not designate or reserve specific seats for the Group 2 attorneys. The Court has moved the proceedings to a different courtroom that will hold a larger audience in order to accommodate Defendant and his co-defendants' trials. Furthermore, the Court does not want to limit the available public seating by reserving spaces for counsel which will, at times, remain empty during such a lengthy trial. The Court anticipates that rough daily transcripts will be available to counsel which will minimize the need for continuous attendance.

The courtroom is open to the public, and the Group 2 attorneys may sit and observe the trial with the rest of the audience in the gallery. However, as an accommodation, the Group 2 attorneys may obtain one "credential" per defendant from the Clerk of Court for the duration of trial that will indicate to the Court Security Officers ("CSOs") that the attorney is permitted priority status to enter and seek seating when the courtroom opens. However, empty seats or subsequently vacated seats will not be reserved for Group 2 counsel.[1]

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Ex Parte Motion, (ECF No. 1266), is **DENIED without prejudice**.

**DATED** this __18__ day of January, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[1] In contrast, the Court is having the Clerk of Court provide two transferable family "credentials" per each defendant actually being tried. These credentials may be used for priority seating. Empty seats or subsequently vacated seats will be reserved for the two credentialed family members. Additional family members may occupy general public seating and/or rotate in and out of the reserved seats so long as they transfer the family credentials.