# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RYAN W. PAYNE, ) <br> ) <br> Defendant. ) <br>_____ ) | Case No. 2:16-CR-00046-GMN-PAL <br><br> **ORDER** <br><br> **Re: Motion to Reopen Detention Hearing (ECF No. 1208)** |

This matter is before the Court on Defendant Ryan W. Payne's Motion to Reopen Detention Hearing (ECF No. 1208), filed on December 29, 2016. The Government filed a Response in Opposition (ECF No. 1341) on January 18, 2017. For the reasons stated hereafter, Defendant's motion to reopen the detention hearing is denied.

## BACKGROUND AND DISCUSSION

18 U.S.C. § 3142(f) states that the detention "hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." This provision is strictly interpreted. If the information was available at the time of the original hearing, the detention hearing need not be reopened. *United States v. Turino*, 2014 WL 5261292, *1 (D.Nev. Oct. 15, 2014) (citing *United States v. Ward*, 63 F.Supp.2d 1203, 1206 (C.D.Cal. 1999)).

The superceding indictment in this case alleges that Defendant Payne participated in an April 2014 armed confrontation with Bureau of Land Management ("BLM") officers and other federal

officers who were attempting to enforce federal court orders for the removal of Cliven Bundy's cattle from public lands in the District of Nevada. *Superceding Indictment* (ECF No. 27). The indictment alleges that Defendant Payne was a resident of Montana and affiliated with a militia organization called "Operation Mutual Aid ("OMA"). *Id.* at ¶ 13. Defendant Payne allegedly recruited and organized "gunmen" and other "Followers" to assist the Bundy family in resisting the federal officers and led the armed assault on federal officers at the Impoundment Site on April 12, 2014. *Id.* at ¶¶ 62, 88, 94-96, 98, 100, 109, 117, and 118. Following the events charged in this case, Defendant Payne allegedly participated in the armed takeover of a national wildlife refuge in the District of Oregon in early 2016. According to information contained in the January 29, 2016 Pretrial Services Report in the District of Oregon, Defendant Payne was interviewed by a Missoula, Montana newspaper and quoted in an article that appeared on June 12, 2014 in which he "described himself as 'a kind of on-the-ground commander' who helped organize the militia forces in the [District of Nevada] standoff. Additionally, the defendant was quoted, 'We had counter-sniper positions on their sniper positions. We had at least one guy- sometimes two guys-per BLM agent in there. So, it was a complete tactical superiority. . . . If they made one wrong move every single BLM agent in that camp would've died.'" Defendant Payne also reportedly stated that "in most states you have the lawful authority to kill a police officer that is unlawfully trying to arrest you." Defendant Payne was detained on the charges against him in the District of Oregon.

After the filing of the superceding indictment in this case, Defendant Payne, and other co-defendants who were also charged in the District of Oregon case, were transported to Las Vegas, Nevada where their initial appearances and arraignments were conducted on April 15, 2016. Following Defendant Payne's arraignment, the Government moved for his detention pending trial on the grounds that he poses a substantial risk of nonappearance and a danger to the community. The Government based its motion on the charges in the indictment and the rebuttable presumption under 18 U.S.C. § 3142(e). The Government also cited Defendant Payne's involvement in the District of Oregon takeover. Defendant Payne, through counsel, conceded to detention in the District of Nevada because Defendant had already been detained in the District of Oregon and would be transferred back to that district following his appearance in the District of Nevada. Defendant's counsel reserved the right to

1  move for pretrial release in the District of Nevada if Defendant Payne was subsequently released in the
2  District of Oregon.

3  According to Defendant's motion to reopen the detention hearing, he pled guilty to a charge of conspiracy to impede a federal officer in the District of Oregon case on July 19, 2016. *Motion* (ECF No. 1208), pg. 11. The district court lifted the detention order in that district so that Defendant Payne could be transferred to the District of Nevada on the pending charges in this case. The district court stated, however, that "[i]n the event Defendant is expected to be released from Nevada before he is sentenced in the District of Oregon, the Court directs counsel for Defendant Payne and the United States to give this Court advanced notice thereof so that, if necessary, this Court may reimpose its detention orders or address any conditions of release that may be necessary." *Id.* at pg. 11-12. Following the acquittal of other defendants in the District of Oregon case, Defendant Payne moved to withdraw his guilty plea. The district court denied his motion.

Defendant Payne now asks this Court to reopen the detention hearing and grant him pretrial release. Defendant, however, has not presented any evidence or information that was not known to him or his counsel at the time of the detention hearing on April 15, 2016 and that has a material bearing on the issue of whether he should be detained or whether conditions of pretrial release can be fashioned. The fact that Defendant Payne has pled guilty in the District of Oregon case and is awaiting sentencing, even if his eventual sentence may be of relatively short duration, is not information that favors his pretrial release in this case. Defendant had the opportunity to present the other information discussed in his motion during the April 15, 2016 detention hearing. That information essentially consists of Defendant's assertions that he is a veteran of the United States Armed Forces and that he is a law abiding citizen who holds sincere political beliefs that the federal government has vastly overstepped its legitimate authority. Even if that information had been presented and considered during the April 2016 detention hearing, it would not have led the Court to order Defendant's release subject to

. . .

. . .

. . .

. . .

conditions of pretrial release.  Defendant has been detained based on the alleged unlawful conduct charged in the indictment and the finding that he poses a substantial risk of danger to the community and a substantial risk of nonappearance.   Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ryan W. Payne's Motion to Reopen Detention Hearing (ECF No. 1208) is **denied**.

DATED this 20th day of January, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge