# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> RYAN W. PAYNE, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:16-cr-0046-GMN-PAL <br><br> **ORDER** |

Pending before the Court is Defendant Ryan W. Payne's ("Defendant's") Motion regarding Jury Selection (ECF No. 1241). The Government filed a Response. (ECF No. 1364).[1]

First, Defendant requests that "this Court clarify when it will require Group 2 to participate in the voir dire process." (Mot. Jury Selection 3:18–19, ECF No. 1241). However, parties are never required to participate in voir dire. Currently, the trial for Group 2 (including Defendant) is scheduled to begin 30 days following the conclusion of the trial for Group 1. (*See* ECF No. 1108). Voir dire will begin on the same day.

Second, Defendant asks that the "Court allow all parties to review and object, or to request additions to the jury questionnaires that will be issued." (Mot. Jury Selection 3:12–22). Defendant incorrectly claims the "Court has allowed the review of jury questionnaires prior to the commencement of trial in other, less complex and less publicized, cases. *See, e.g.*, *United States v. Rippie*, 2:13-cr-154-GMN-PAL, ECF Nos. 53, 59." (*Id.* 3:25–26). However, there was no written juror questionnaire in the *Rippie* case. As such, Defendant has failed to provide any sufficient legal basis for his request. All parties were given a copy of the Court's general

---

[1] The Court grants co-defendant Melvin D. Bundy's Motion for Joinder (ECF No. 1316).

voir dire questions and an opportunity to propose specific questions for the juror questionnaire. (*See* ECF No. 1107).

Third, Defendant requests that the Court "permit 120 minutes of attorney conducted voir dire" for each side. (Mot. Jury Selection 4:2–6). As the Court has explained to the Group 1 co-defendants, the Court is conducting voir dire. (*See* Order on Mot. for Att'y Conducted Voir Dire 2:2, ECF No. 1368). However, as in the trial for Group 1, the Court will allow timed, attorney-conducted questioning during the voir dire process for Group 2. (*Id.* 2:2–3). Each Defendant's attorney will have fifteen minutes, and the Government will have thirty minutes. (*Id.* 2:3–4).[2]

Finally, Defendant "requests that the defense be allowed to exercise 40 peremptory challenges collectively to choose how to distribute among themselves (40 jointly or 8 each, or a combination of those two methods)." (Mot. Jury Selection 5:5–7). The Court declines to grant this request as unnecessarily excessive. The request is also premature. The number of extra peremptory challenges to be allowed will be determined at Calendar Call for Group 2, when it is more apparent exactly how many defendants will actually be proceeding to trial.

///

///

///

///

///

---

[2] The Court notes that it has always exercised its discretion pursuant to Federal Rule of Criminal Procedure 24 and permitted each counsel fifteen minutes to examine jurors during voir dire; however, no counsel has ever used its full allotment of time. Perhaps this is because the examination by counsel follows the Court's examination, which already includes the questions proposed by counsel. Examination by counsel also occurs after most jurors have already been excused for readily apparent cause. In this case, counsel will be further aided by the fact that they will receive a copy of each juror's written questionnaire answers before voir dire. Therefore, the Court's usual custom should be more than sufficient to reveal any bias or prejudice of potential jurors.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion regarding Jury Selection (ECF No. 1241) is **GRANTED in part, DENIED in part**, consistent with this Order.

**IT IS FURTHER ORDERED** that Melvin D. Bundy's Motion for Joinder (ECF No. 1316) is **GRANTED**.

**DATED** this  23  day of January, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court