# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA, )
 )
        Plaintiff, ) Case No.: 2:16-cr-46-GMN-PAL
vs. )
 ) **ORDER**
CLIVEN D. BUNDY *et al.*, )
 )
        Defendants. )
 )

Pending before the Court is the Motion to Reconsider (ECF No. 1565) the Court's Protective Order regarding the Government's Undercover Employee (ECF No. 1539) filed by Defendants Steven A. Stewart, Eric J. Parker, and O. Scott Drexler's ("Defendants"). Co-defendants Gregory P. Burleson and Ryan W. Payne filed Motions for Joinder. (ECF Nos. 1567, 1610). The Government filed a Response. (ECF No. 1611).

**I.    LEGAL STANDARD**

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, "numerous circuit courts have held that motions for reconsideration may be filed in criminal cases." *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007) (citing *United States v. Martin,* 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) for the proposition that "post-judgment motion for reconsideration may be filed in a criminal case and governed by Fed. R. Civ. P. 59(e)"); *see also United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases"). "A motion to reconsider must demonstrate some valid reason why the Court should reconsider its prior decision, and it must set forth facts or law of a strongly convincing nature to induce the

Court to reverse itself." *United States v. Walsh*, 873 F. Supp. 334, 337 (D. Ariz. 1994). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotations omitted).

## II. DISCUSSION

On January 27, 2017, the Government filed a Motion for a Protective Order regarding an Undercover Employee ("UCE") witness it intends call in its case-in-chief. (ECF No. 1440). Upon review of the parties' briefing of this Motion in Limine, the Court found it appropriate to enter a protective order as to the UCE witness. (UCE Protective Order, ECF No. 1539). The Court found "good cause here to protect the UCE's identity by adopting the measures requested by the Government to prevent harassment, protect the UCE's safety, and safeguard the UCE's unrelated on-going investigations." (*Id.* 4:15–17). The Court further determined that the UCE's date of birth and unrelated investigations are not relevant to this case. (*Id.* 4:17–19). This protective order implemented the following precautions to protect the UCE:

> 1. The UCE may testify at trial using an undercover pseudonym without publically disclosing his true identity, specifically, the government requests that the UCE testify as "Charles Johnson," his cover identity;
> 2. The defense shall be prohibited from asking any questions seeking personal identifying information (to include name, contact information, or date or place of birth) from the UCE;
> 3. The defense shall be prohibited from asking any questions about other investigations in which the UCE may be involved, including any ongoing investigations;
> 4. No public disclosure of any audio recording, or similar reproduction of the voices or visual images of the UCE while testifying, shall be permitted;
> 5. The UCE shall be permitted to use a non-public entrance/exit to the courthouse and the courtroom (outside the presence of the jury); and
> 6. All non-official recording devices shall be prohibited from being in the courtroom in which the UCE testifies, including personal cellular phones.

(*Id.* 5:1–9).

In the instant Motion, Defendants seek reconsideration of the UCE Protective Order such that they should be provided with the witness's identity in advance to effectively prepare for cross-examination. (Mot. Recons., ECF No. 1565). Defendants assert that without the UCE's identity, their Sixth Amendment Confrontation Clause rights will be violated because they will not be able to effectively cross-examine the UCE. (*See id.* 4:1–20). As such, Defendants request that the Court either "(1) lift the protective order, or (2) preserve the protective order but direct the government to reveal the witness' identity to the defendants immediately so that they can vindicate their Sixth Amendment confrontation rights by preparing for impeachment of the witness." (*Id.* 5:20–6:1). The Government responds that Defendants have not met the high burden for reconsideration. (Gov't Resp. 3:3–4:14, ECF No. 1611).

The district court has discretion "to impose reasonable limits on such cross-examination based on concerns about, among other things, . . . the witness' safety." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). There is "no fixed rule with respect to disclosure." *Roviaro v. United States*, 353 U.S. 53, 62 (1957). Instead, there must be a "balancing [of] the public interest in protecting the flow of information against the individual's right to prepare his defense," which depends on "the particular circumstances of each case." *Id.* In *Smith v. Illinois*, 390 U.S. 129 (1968), this balancing required disclosure of the witness's name because the "only real question at trial" was the credibility of the single, principal witness, who was the only person, other than the defendant, who testified about the crucial events at issue. *Smith*, 390 U.S. at 130. But *Smith*, unlike the instant case, did not involve issues of witness safety or ongoing investigations. *See id.* at 133–34 (White, J., concurring) (recognizing as beyond the proper bounds of cross-examination "those inquiries which tend to endanger the personal safety of the witness"); *see also United States v. Rangel*, 534 F.2d 147, 148 (9th Cir. 1976), *cert. denied*, 429 U.S. 854 (1976) ("*Smith v. Illinois* does not establish a rigid rule of disclosure, but

rather discusses disclosure against a background of factors weighing conversely, such as personal safety of the witness.") (internal quotation marks omitted).

First, the Court first notes that the UCE Protective Order (ECF No. 1539) specifically precluded *public* disclosure of the UCE's true identity, but it did not opine as to Defendants obtaining the UCE's identity under the main Protective Order in this case (ECF No. 609). Indeed, in one of the cases that both parties cite to, the D.C. Circuit affirmed a protective order regarding a UCE that is substantially similar to the one granted in this case, "where the government disclosed the true identities of protected witnesses to defense counsel and those witnesses testified at trial under pseudonyms." *United States v. Celis*, 608 F.3d 818, 833 (D.C. Cir. 2010). Similarly, as Defendants argue, in *Clark v. Ricketts*, 958 F.2d 851 (9th Cir. 1991), the Ninth Circuit affirmed concealing a witness's identity from the jury when the defendant was provided with his true name and felony record ahead of his testimony. *Clark*, 958 F.2d at 855.

Here, as the Court previously found, there is a strong basis for public anonymity of the UCE given concerns for harassment, the UCE's safety, and the protection of his on-going investigations. (*See* UCE Protective Order 4:14–17). However, the Court finds that Defendants' Sixth Amendment rights dictate protected disclosure of the UCE's name limited only to Defendants for purposes of preparing for cross-examination. Nevertheless, the Court is wary of providing this information to Defendants based on recent allegations of a Protective Order violation. As such, the Court finds good cause that only counsel and stand-by counsel shall be provided the name of the UCE witness. As the Court stated previously, the UCE's date of birth and unrelated investigations are irrelevant and need not be disclosed. Additionally, all aspects of the UCE Protective Order (ECF No. 1539) shall remain in effect, including the prohibition on Defendants from asking any questions seeking personal identifying information during cross-examination.

Accordingly, the Court grants Defendants' Motion for Reconsideration to extent that the Court orders the Government to disclose to counsel and stand-by counsel the true name of the UCE witness. The UCE witness's name is confidential information covered by the main Protective Order in this case. (*See* ECF No. 609). The Court denies Defendants' Motion in all other respects.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration (ECF No. 1565) is **GRANTED in part, DENIED in part.** Defendants' Motion is granted to the extent that the Government shall disclose to counsel and stand-by counsel the true name of the UCE witness, which is covered by the Protective Order (ECF No. 609). Defendants' Motion is denied as to all other respects.

**IT IS FURTHER ORDERED** that the Motions for Joinder (ECF Nos. 1567, 1610) are **GRANTED**.

**DATED** this __6__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court