UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00046-PAL-GMN |
|---|---|
| Plaintiff, | **ORDER** |
| v. | (Mot. Sever – ECF No. 1530) |
| RYAN W. PAYNE, | |
| Defendant. | |

Before the court is Defendant Ryan W. Payne's ("Payne") Motion to Sever from Pro Se Defendant (ECF No. 1530), which was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the motion, and the government's Response (ECF No. 1601). No reply was filed and the time for filing a reply has expired.

The court previously entered an Order (ECF No. 1108) denying Payne's motion for severance on December 13, 2016. In the current motion, Payne seeks severance based on events that occurred at Ryan Bundy's detention hearing on January 31, 2017, arguing he will be prejudiced in a joint trial with Ryan who is representing himself. Payne asserts that decisions Ryan Bundy made at the January 31, 2017 detention hearing will result in spillover prejudice that curative instructions will not be able to neutralize, and will infringe on Payne's right to a fair trial. Specifically, although Judge Foley explained to Bundy he could proceed by proffer in which case he would not be exposed to cross examination by the government, Bundy chose to testify. Standby counsel was present at the hearing. Although Payne does not know whether she advised Bundy not to testify, even the most novice counsel would explain the dangers of offering testimony. Payne therefore believes Bundy is ignoring the advice of standby counsel. Payne claims that Bundy's choice to testify and offer evidence allowed the government to obtain information that

could be used to impeach Bundy at trial. Additionally, the government elicited testimony about when Ryan Bundy first talked to Payne, Payne's role in Operation Mutual Aid, and Payne's role and involvement in summoning the militia.

Payne also fears Bundy may open the door to evidence that would otherwise be inadmissible. For example, at the detention hearing Bundy played a video that mentioned Jared and Amanda Miller, the couple who killed two Las Vegas police officers and were identified as having been at the Bundy ranch as Bundy supporters. The government made it clear in a December 9, 2016 hearing that it did not intend to introduce evidence about the Millers or their connection to the Bundy ranch as evidence in this case, but Payne fears Ryan Bundy may open the door to this highly prejudicial, irrelevant evidence.

Payne points out that Ryan Bundy received a *Farreta* canvas and was found to have voluntarily waived his constitutional right to assistance of counsel at trial. However, Payne has not consented to be tried with someone who decided to proceed to trial pro se. Payne cites *United States v. Walker*, 142 F 3d 103, 109 (2nd Cir. 1998), supporting his argument that proceeding to trial with a pro se defendant may be so prejudicial that severance is warranted. He therefore asks that the court "consider severance anew" in light of Ryan Bundy's pro se detention hearing on January 31, 2017.

The government responds that the undersigned ordered severance of this 17 defendant case into three groups for trial on December 16, 2016. Payne earlier argued he should be severed from the trial of all his co-defendants based on the danger of spillover prejudice in a joint trial and on the grounds he may have an antagonistic defense to the defense of his co-defendants. Payne now seeks severance from Ryan Bundy who is set for trial as part of the second group along with Cliven Bundy, Ammon Bundy, and Peter Santilli based on Ryan's conduct at the detention hearing before Judge Foley. The government argues that Payne's speculation about what Ryan Bundy might say or do at trial is not grounds for severance. Payne has known for months that Ryan Bundy was representing himself. The government asserts Payne shares Bundy's "worldview" as a "sheepdog" defender of morality with a perceived duty to fight government tyranny based on evidence gathered

///

during this investigation and prosecution.  Payne has not established that a joint trial with Ryan Bundy would be manifestly prejudicial, and the court should therefore deny the motion.

Having reviewed and considered the matter, the court finds that Payne has not met his burden of establishing undue prejudice of such a magnitude that without a severance from trial with Ryan Bundy he will be deprived of a fair trial.  *See United States v Jenkins*, 633 F 3d 788, 807 (9th Cir. 2011).  The Ninth Circuit has held that a defendant is not entitled to severance merely because a co-defendant chooses to represent himself.  *United States v Atcheson*, 94 F 3d 1237, 1244 (9th Cir. 1996).  Ryan Bundy filed a Motion for *Farreta* canvass (ECF No. 244) nearly a year ago on April 15, 2016, which was addressed at his initial appearance the same date.  *See* Mins. of Proceedings (ECF No 247).  A *Farreta* canvass was conducted April 19, 2016, and Bundy was granted leave to represent himself with the assistance of standby counsel.  *See* Mins. of Proceedings (ECF No 285).  Payne and his counsel have therefore been aware of Ryan Bundy's self-representation status since then.

Moreover, Judge Foley's written order (ECF No. 1550) denying Bundy's motion for own recognizance or bail pending trial outlines Bundy's testimony and position at the hearing.  Bundy's testimony was consistent with the position taken by Payne and other co-defendants that the defendants were engaged in a peaceful public protest, and that it was BLM and other federal law enforcement officers who were the aggressors, and who pointed firearms and threatened to shoot protestors.  Bundy and his co-defendants, including Payne, have consistently taken the position that they were lawfully resisting what they consider unlawful, immoral, and overreaching government law enforcement actions. Bundy, Payne, and other defendants have also taken the position that they have the constitutional right and duty to resist government abuse of power and overreaching.  In short, Payne has not established that Ryan Bundy's conduct at Bundy's own reopened detention hearing warrants severance.

Accordingly,

/ / /

/ / /

/ / /

1     **IT IS ORDERED** that Defendant Ryan W. Payne's Motion to Sever from Pro Se
2 Defendant (ECF No. 1530) is **DENIED**.
3     DATED this 11th day of April, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4