STEVEN W. MYHRE
Acting United States Attorney
District of Nevada
NICHOLAS D. DICKINSON
NADIA J. AHMED
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov
nicholas.dickinson@usdoj.gov
nadia.ahmed@usdoj.gov
erin.creegan@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RYAN W. PAYNE,<br><br>    Defendant. | 2:16-CR-00046-GMN-PAL<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT RYAN PAYNE'S MOTION FOR DISCLOSURE OF UNINDICTED COCONSPIRATORS STATEMENTS (ECF No. 1740)** |

**CERTIFICATION: This Response is timely filed.**

The United States, by and through the undersigned, respectfully files this opposition to defendant Ryan Payne's "Motion for Disclosure of Unindicted Coconspirator Statements." ECF No. 1740 ("Motion"). Payne's motion was joined by Ammon Bundy (ECF No. 1744), Cliven Bundy (ECF No. 1748), Mel Bundy (ECF No. 1755), Dave Bundy (ECF No. 1760), Micah McGuire (ECF No. 1763), Jason Woods (ECF No. 1771) and Peter Santilli (ECF No. 1780).

Payne's latest motion was apparently triggered by the Court's admission of a statement during Trial 1 under Federal Rule of Evidence 801(d)(2)E.  Specifically a statement that JT made to an undercover agent who testified to the following:

> So he was describing to me -- one, he said that he chooses to camp in the militia area camp, because that's where the important decisions are made. And he described the – the other Bundy supporters that weren't militia as drum-beating hippies.  And then he described the -- he said he had better guns than the BLM. And he didn't describe how much, but indicated a large amount of ammunition with him as well.

Payne fails to explain that JT's statement was made at the Bundy rally site, that during the same time period the agent observed and heard Payne telling Mel Bundy that some of the militia aren't going to come until a certain event took place, and that Mel Bundy pointed out where the militia camp was located.  Furthermore, evidence presented at trial showed that Payne was the Bundy's militia coordinator, that Payne was the primary recruiter of militia members, that there was in fact a militia camp, and that the people in the camp were armed with an arsenal of firearms.  Thus it is clears that the Court's admission of JT's statement under Rule 801(d)(2)(E) was not clearly-erroneous. *See United States v. Arias-Villanueva*, 998 F.2d 1491, 1502 (9th Cir. 1993) (The question of whether a challenged statement was made in the course and in furtherance of the conspiracy is reviewed under the "clearly-erroneous standard").

Based on the above example, and vague references to unidentified Facebook posts and the "volume of discovery provided," Payne seeks to litigate the admission of statements under 801(d)(2)(E) before trial.  This is yet another example of Payne seeking special treatment.  As Payne well knows, the Ninth Circuit has specifically

rejected the requirement of a *James*[1] hearing. *United States v. Zemek*, 634, F.2d 1159, 1169 n. 13 (9th Cir. 1980); *United States v. Long*, 706 F.2d 1044, 1053 (9th Cir.1983); *United States v. Perez*, 658 F.2d 654, 658 (9th Cir.1981); *see also United States v. Goldfarb*, CR 07-260, 2008 WL 4534297, *1 (D. Ariz. Oct. 3, 2008) ("Holding a pretrial hearing to establish the nature of the conspiracies in this case likely would take many days and unduly burden the Court's resources. The Court instead will follow the Ninth Circuit rule and conditionally admit the co-conspirator statements subject to a later motion to strike."); *United States v. Callahan*, CR 15-37, 2016 WL 1755811, *3 (D. MT. May 2, 2016) ("[T]he Ninth Circuit has looked with disfavor upon a mandatory determination of co-conspirator statements.").

As to Payne's argument that such a pretrial hearing is needed because of the volume of discovery, such argument militates against a pretrial hearing, not for one. A pretrial hearing would burden the Court with an unnecessary multi-day minitrial when such matters are more effectively and efficiently dealt with at trial. That Payne implies he could be surprised by the statements that are introduced as coconspirators is not convincing either. The government will provide in advance exhibits and *Jencks* as to witnesses who are expected to contain the vast majority of the coconspirator statements to be offered at trial. Payne can then prepare to litigate them at trial. Further, Payne's request for lengthy pretrial procedures is at odds with his previous representations about the case. Payne has consistently

---

[1] *United States v. James*, 590 F.2d 575, 582 (5th Cir. 1979).

argued that this is simple case for which immediate trial without delay is appropriate:

> AFPD: The government has indicated that there's 30 to 45 witnesses. That is not a huge case in the realm of things. I've tried a 30 to 45 witness case in a week and a half. So we're not talking about a case that's going to be months.
>
> We're talking about a relatively small case. If you have this many defendants with only 30 to 45 witnesses, Judge, this is not a case that's going to take a tremendous amount of time. Nor would there be tremendous amounts of 302s or documents that we would have to deal with or witnesses we'd have to interview. The government doesn't expect to engage experts. That also deals with the fact that it is not necessarily a complex case. I assume there will be law enforcement officers.
>
> \* \* \*
>
> They told you there are 30 to 45 witnesses. Again, nothing extraordinary there. The charges here are conspiracy charges and gun charges. It's not like a sophisticated white collar banking crime or bankruptcy fraud or mortgage fraud or things that we don't deal with every day.
>
> \* \* \*
>
> And, again, we're talking about hundreds of – a hundred hours of video. That's, Judge, not complex. It just is not. We've had cases with thousands of hours of video. As far as Facebook returns on subpoenas, I've worked with those before. They"re fully searchable.
>
> Again, if we got the ones dealing with our clients, that would not take significant time either.

Transcript of April 22, 2016, Case Management Conference at 38 - 44.

In short, Payne has not demonstrated that the Court should deviate from the procedure that it used in Trial 1, and recommended by the Ninth Circuit, in ruling

4

on the admissibility of statements under Rule 801(d)(2)(E). Payne's motion thus fails.

**WHEREFORE**, for all the foregoing reasons, the government respectfully requests that this Court deny Payne's motion, ECF No. 1740.

**DATED** this 14th day of April, 2017.

Respectfully,

STEVEN W. MYHRE
Acting United States Attorney

*//s//*
_____
NICHOLAS D. DICKINSON
NADIA J. AHMED
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney

*Attorneys for the United States*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S OPPOSITION TO DEFENDANT RYAN PAYNE'S MOTION FOR DISCLOSURE OF UNINDICTED COCONSPIRATORS STATEMENTS (ECF No. 1740)** was served upon counsel of record, via Electronic Case Filing (ECF).

**DATED** this 14th day of April, 2017.

// s //
_____
NICHOLAS D. DICKINSON
Assistant United State Attorney