STEVEN W. MYHRE
Acting United States Attorney
District of Nevada
Nevada Bar No. 9635
NADIA J. AHMED
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov

*Attorneys for the United States.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RYAN W. PAYNE,<br><br>　　　　Defendant. | 2:16-CR-00046-GMN-PAL<br><br>**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT PAYNE'S MOTION FOR APPOINMENT OF A SPECIAL MASTER TO OVERSEE DISCOVERY (ECF No. 2159 & 2210)** |

**CERTIFICATION: This Motion is timely filed.**

The United States, by and through the undersigned, respectfully files this Response in Opposition to Defendant Payne's Motion For Appointment of a Special Master to Oversee Discovery (ECF No. 2159) (hereinafter "Motion"). The following defendants have joined in Payne's Motion: Jason Woods (ECF No. 2210.

For the reasons explained below, Payne's Motion is frivolous and should be denied.

## BACKGROUND

On March 2, 2016, a federal grand jury in the District of Nevada returned a sixteen-count superseding indictment against 19 defendants, including Payne, charging them with:

- Conspiracy to Commit an Offense Against the United States, 18 U.S.C. § 371;
- Conspiracy to Impede or Injure a Federal Officer, 18 U.S.C. § 372;
- Use and Carry of a Firearm in Relation to a Crime of Violence, 18 U.S.C. § 924(c);
- Assault on a Federal Officer, 18 U.S.C. § 111(a)(1), (b);
- Threatening a Federal Law Enforcement Officer, 18 U.S.C. § 115(a)(1)(B);
- Obstruction of the Due Administration of Justice, 18 U.S.C. § 1503;
- Interference with Interstate Commerce by Extortion, 18 U.S.C. § 1951; and
- Interstate Travel in Aid of Extortion, 18 U.S.C. § 1952

These charges all stem from a massive assault on law enforcement officers in April 2014, while those officers were duly executing the orders of the United States District Court for the District of Nevada.

Six of Payne's co-defendants—Burleson, Drexler, Parker, Stewart, Lovelien, and Engel—were severed and tried in the first trial, beginning in February 2017. In April 2017, the jury returned guilty verdicts on some of the counts as against Burleson and Engel, but were deadlocked on the remaining counts. The jury further

remained deadlocked on all counts as to defendants Parker, Drexler, Stewart, and Lovelien.

The Court declared a mistrial on all deadlocked counts. Subsequently, the government dismissed the remaining deadlocked counts against co-defendants Burleson and Engel. The retrial of Parker, Drexler, Stewart, and Lovelien commenced on July 10, 2017.

Two days following the commencement of the re-trial of his co-defendants, and on July 12, 2017, Payne filed the instant Motion, seeking the appointment of a "special discovery master" to supposedly "ensure government compliance with its disclosure obligations" and "set firm deadlines for disclosure with attendant consequences for failure to abide by such deadlines." Mot. at 4. The Court should deny the Motion.

## **LEGAL STANDARD**

Evidence is material under *Brady* if there is a reasonable probability that, if the government had disclosed evidence to the defendant, the result of the proceedings would have been different. *See United States v. Bagley,* 473 U.S. 667, 681 (1985); *see also United States v. Acosta*, 357 F.Supp.2d 1228, 12143 (D. Nev. 2005) (materiality standard governs pretrial requests for *Brady* disclosures). Although *Brady* should be interpreted broadly, it does not require the government to disclose every scrap of evidence that could conceivably benefit a defendant. *See, e.g., Moore v. Illinois,* 408 U.S. 786, 795 (1972) ("We know of no constitutional

requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work").

A defendant's allegation that information might be material does not entitle him or her to an unlimited or unsupervised search of the government's files. *Pennsylvania v. Ritchie,* 480 U.S. 39, 59 (1987). The government alone determines which information must be disclosed pursuant to *Brady*, and the prosecutor's decision is final. *Id.*

Regarding timing of disclosures, the Ninth Circuit has held that generally, disclosure of *Brady* material should occur before trial. *United States v. Davenport*, 753 F.2d 875, 881 (9th Cir. 1988). And disclosures should be made at a time when it would be of value to the defendant. *United States v. Aichele,* 941 F.2d 761, 764 (9th Cir. 1991) (citations omitted); *see also United States v. Shelton,* 588 F.2d 1242, 1247 (9th Cir. 1978) (delay in disclosure only requires reversal if it so prejudiced appellant's preparation or presentation of his defense that he was prevented from receiving a fair trial).

## **DISCUSSION**

At the threshold, none of the authorities cited by Payne supports the proposition that *in a criminal case,* courts employ "special masters" to review prosecution decisions about disclosures of investigative information. In large part, Payne cites to civil cases involving voluminous discovery between private litigants. The few criminal cases to which he cites, however, relate principally to reviews of potentially privileged information obtained in the course of the execution of a search

warrant on attorney files – circumstances wholly inapt and absent here – and do not relate to the type of review he seeks here; i.e., whether the prosecution "has a very guarded approach towards discovery." Mot. at 13.

More to the point, however, there are no "current discovery disputes" – other than those Payne imagines – that require a "special master" to resolve. The government has complied with all Orders – including the Court's Scheduling Order – entered in this case and there has been no finding of any violation of any discovery obligation by the government.

While he attempts to allege a "list of horribles" about discovery (Mot. 4-7), Payne does not, and cannot, substantiate any of them. By his own account, he has received the information he complains about and fails to show, as he must, that he did not receive it in time to make use of it at his own trial. *Aichele,* 941 F.2d at 764.

Put simply, Payne attempts to create an issue where none has been found to exist over the course of one completed trial, another ongoing trial, 170+ defense motions, and the 2,200+ court filings that have occurred over the past 16 months since this case was indicted. He attempts, instead, to misdirect the Court's attention away from the retrial of his co-defendants and his own numerous and serious violations of federal law, and add to an already very long list of vexatious and frivolous pleadings filed in this matter, to which Payne has contributed mightily.

Payne also fails to demonstrate any purpose for a "special master." United States Magistrate Judge Peggy Leen has been the presiding Magistrate Judge since the very beginning of the case, conducting the initial case conference, entering the Scheduling Order, presiding over numerous hearings, and addressing a multitude of pretrial motions, including motions to compel discovery. Payne fails to state why it is that Magistrate Judge Leen should not/cannot continue to address pretrial matters, including any discovery issues Payne wants to raise, or what it is that a "special master" would do that the presiding Magistrate Judge cannot.

The same holds true for the presiding Chief Judge, who has presided over numerous proceedings and two trials to date. The Court is well-versed in the facts, evidence and issues in this case and Payne fails to state how it is that the Court – as opposed to a newly-minted "special master" – is not in a better position to resolve any pre-trial discovery issues, should they arise.

Payne further argues for supposed firm dates for disclosures – in essence arguing for discovery cut-off dates, another concept he unabashedly borrows from civil litigation and one that has already been addressed – and rejected – by this Court. Payne omits the material fact that the government has represented, numerous times, that this matter is still under investigation, attempting to mislead the Court into believing that the universe of potentially discoverable information is known to the government and well-defined, forcing the Court to re-visit issues it has already addressed.

Lastly, he claims that the case is complex. Again, Payne conveniently fails to point out that he takes a directly opposite position in other motions where he claims speedy trial violations. To Payne, then, when he argues speedy trial, the case is not complex – but when he wants discovery cut-off dates, the case magically transforms into one that is.

Payne's constant flip-floping, circular reasoning, obtuse disregard for criminal procedure, and shifting positions are no substitute for legal argument and are but a few of the indicators of the frivolous and duplicative nature of this Motion. It is no coincidence that his Motion was filed two days following the commencement of the retrial of four of his co-defendants thus triggering a response date during that trial and diverting scarce government time and resources to respond to what is, at base, a re-hash of other failed motions now poorly dress-up to look like something new.

There is nothing new, novel, or urgent in this Motion. Payne's imagined discovery violations – and his constant flip-flop on issues – do not provide a reason for this Court to do what no court has done before: appoint a third-party to review prosecution decisions about disclosures, looking for violations that have not occurred. The Court should deny Payne's Motion as frivolous and vexatious.

/////

/////

/////

/////

**WHEREFORE**, for all the foregoing reasons, the government respectfully requests that the Court enter an Order, denying Payne's Motion (ECF No. 2159).

**DATED** this 31st day of July, 2017.

Respectfully submitted,

STEVEN W. MYHRE
Acting United States Attorney

/s/ Steven W. Myhre
_____
NADIA J. AHMED
Assistant United States Attorney
ERIN M. CREEGAN
Special Assistant United States Attorney

*Attorneys for the United States*

## CERTIFICATE OF SERVICE

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S RESPONSE IN OPPOSITION TO PAYNE'S MOTION FOR APPOINTMENT OF A SPECIAL MASTER TO OVERSEE DISCOVERY (ECF No. 2159 & 2210)** was served upon counsel of record, via Electronic Case Filing (ECF).

**DATED** this 31st day of July, 2017.

*/s/ Steven W. Myhre*
_____
STEVEN W. MYHRE
Assistant United States Attorney