STEVEN W. MYHRE
Acting United States Attorney
District of Nevada
NADIA J. AHMED
DANIEL R. SCHIESS
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov
nadia.ahmed@usdoj.gov
dan.schiess@usdoj.gov
erin.creegan@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-CR-00046-GMN-PAL |
| Plaintiff, | |
| v. | **GOVERNMENT'S OPPOSITION TO DEFENDANT RYAN PAYNE'S SECOND MOTION TO SEVER FROM PRO SE DEFENDANT RYAN BUNDY (ECF No. 2516)** |
| RYAN W. PAYNE, | |
| Defendant. | |

**CERTIFICATION:  The undersigned certify that this Response is timely filed.**

The United States, by and through the undersigned, respectfully files this opposition to defendant Ryan Payne's "Second Motion to Sever from *Pro Se* Defendant [Ryan Bundy]." ECF No. 2516 (September 25, 2017) ("Motion").  Payne fails to show how any demeanor issues associated with defendant Ryan Bundy is manifestly prejudicial such that severance must granted.  He offers only speculation

about things that have not happened.   Accordingly, Payne's Motion should be denied.

## **BACKGROUND**

This Court has ruled that severance into three "trial tiers" is appropriate under Rule 14(a) and the circumstances of this case. *See* ECF No. 971 at 7-12 (government explains why three-part severance is demonstrably preferable to a single "mega-trial" or 17 individual trials) (citing, among other cases, *United States v. Mancuso*, 130 F.R.D. 128, 130 (D. Nev. 1990) (Reed, J.)).   After exhaustive briefing, full argument before Magistrate Judge Leen, and the Magistrate Judge's subsequent, 27-page order of December 13, 2016 (ECF No. 1108), this Court 1) granted the government's motion to sever the remaining, properly-joined defendants into three trials, and 2) denied Payne's motion (ECF No. 460) to be severed "from the trial of his [all of his remaining] co-defendants."   *Id.* at 7 (noting that, among numerous allegations, Payne had alleged "that the danger of 'spillover' [prejudice from evidence against other defendants] is a 'viable threat in this case,'" and "that he may have an inconsistent or antagonistic defense with the trial of his co-defendants"); *see also id.* at 16 (seeking an individual trial, Payne argues that "the court . . . [should] convene a separate jury to hear evidence against Payne to prevent spillover from the . . . evidence that does not involve Payne in a joint trial").

In February of 2017, Payne filed another motion seeking severance. Then, Payne sought severance not from all remaining defendants, but from co-defendant Ryan Bundy. Payne's motion was triggered by *pro se* Ryan Bundy's motion to reopen

his rejected "bail pending trial" motion. ECF No. 1082. Magistrate Judge Foley held a hearing on Bundy's motion to reopen on January 31, 2017. *See* ECF No. 1550. While he did, occasionally, refer to the appropriate statutory factors governing pretrial detention, and while "den[ying] that he used threats of force or violence against other persons" or that he "had specific knowledge that armed members of private militias had assembled at the Bundy Ranch" (*id*. at 5-6), Ryan Bundy used parts of the day-long hearing to "expound[]" under oath about his (and, Payne's) interpretation of the constitution, particularly as it pertains to "militia." *Id*. at 7-8 (Bundy explains to the magistrate that "the 'people' constitute the militia and have the right to take action against the Federal Government and its agents when they infringe on the rights of the people or local governments.").

Payne claimed that some of Bundy's comments at the detention hearing reveal "specific examples of . . . prejudice" (*Id*. at 4) as well as the "dangers" of self-representation. *Id* at 7. From this, Payne speculated that Bundy will "likely" make similarly "ill-fated decisions" at their joint trial, and that, as a result, Payne will suffer "prejudice" that "violate[s] [his] right to a fair trial." *Id*.

The government responded that Bundy's words and actions in the course of his defense very much mirrored Payne's own worldview.  Magistrate Judge Leen denied Payne's motion finding that he had "not met his burden of establishing undue prejudice of such a magnitude that without a severance from trial with Ryan Bundy he will be deprived of a fair trial." Order, ECF No. 1853 (Apr. 11, 2017).

Judge Leen also noted the great consistency of Bundy's and Payne's defenses and views. *Id.*

Payne now files the instant Motion, claiming that he "will be prejudiced when Ryan Bundy's belief system influences the way in which he addresses the jury…or the court…." Mot. at 4. He further speculates that Ryan Bundy, whether or not he continues to represent himself, may continue to "verbalize the same kind of ideology and philosophy expressed in the pleadings" filed by defendant Bundy. Mot. at 4-5. None of these highly speculative claims demonstrates manifest prejudice; the Motion should be denied.

## LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 8(b), two or more defendants may be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense." Fed. R. Crim. P. 8(b). While a district court may, within its discretion, sever defendants upon a showing that joinder of the defendants in a trial is prejudicial to a defendant or to the government, Fed. R. Crim. P. 14(a), there is a preference in the federal system for joint trials and thus, the standard for severance has proven a high bar to reach. *See Zafiro v. United States*, 506 U.S. 534 (1993); *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980); *United States v. Hernandez–Orellana*, 539 F.3d 994, 1001 (9th Cir. 2008).

Federal Rules of Criminal Procedure 8 and 14 are designed to avoid a multiplicity of trials and to promote judicial economy and efficiency. *Zafiro*, 506

U.S. at 540; *see also Richardson v. Marsh* 481 U.S. 200 (1987). Therefore, defendants who are charged together and are properly joined under Rule 8(b) are generally tried together. *Escalante*, 637 F.2d at 1201 (citing *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978)). The district court should grant a severance under Federal Rule of Criminal Procedure 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; *United States v. Reese*, 2 F.3d 870, 890 (9th Cir. 1993); *United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011); *Runningeagle v. Ryan*, 686 F.3d 758, 776 (9th Cir. 2012); *Hedlund v. Ryan*, 750 F.3d 793, 804 (9th Cir. 2014).

The determination of severance rests wholly in the discretion of the trial court and is not a right the defendant holds. *Zafiro,* 506 U.S. at 538-39 (holding "Rule 14 does not require severance, even if prejudice is found, but rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."). The moving party must show unusual circumstances in which a joint trial would be "manifestly prejudicial" in order to warrant severance. *Gay*, 567 F.2d at 919 (citing *Opper v. United States*, 384 U.S. 84, 75 (1954)); *United States v. Baker*, 10 F.3d 1374, 1387 (9th Cir.1993); *United States v. Christensen*, 624 F. App'x 466, 477 (9th Cir. 2015). Often less drastic measures, such as limiting instructions, will suffice to remedy potential risks of prejudice while avoiding total severance. *See Marsh,* 481 U.S. at 211; *United States v. Son Van Nguyen*, No. CR. S-99-0433 WBS,

2002 WL 32103063, at *1 (E.D. Cal. Nov. 7, 2002) (quoting *Escalante*, 637 F.2d at 1201 (9th Cir.1980)).

Joint proceedings are advantageous for the criminal justice system when the conduct of two or more joined defendants is connected to a single series of events, for both practical as well as efficiency reasons.  *See Marsh*, 481 U.S. at 210. Specifically, joint trials provide the jury an ability to see into the entire picture of an alleged crime and enable jury members to reach a more reliable conclusion as to the guilt or innocence of the defendants involved, and thus more fairly assign corresponding responsibilities of each defendant.  *Buchanan v. Kentucky*, 483 U. S. 402, 418 (1987); *Zafiro*, 506 U.S. at 537.  Moreover, joint trials limit the burden of requiring witnesses or victims to testify on multiple occasions in separate trials and promote economy and efficiency in the judicial system.  *See Marsh*, 481 U.S. at 210. Joint trials are particularly appropriate where the codefendants are members of a conspiracy because "the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the evidence would be admissible against each of them in separate trials." *United States v. Boyd*, 78 F. Supp. 3d 1207, 1212 (N.D. Cal. 2015) (quoting *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004)).

A defendant can establish that a joint trial is prejudicial where the defendant's specific trial rights are compromised or where a jury would be unable to reach a reliable verdict without severance.  *Zafario*, 506 U.S. at 539.   For example, potential prejudice might occur (i) where mutually antagonistic defenses

between the joined defendants warrant severance, (ii) where a limiting instruction cannot cure the spillover effect of evidence presented against one defendant that significantly prejudices another, (iii) where an incriminating confession made by one codefendant presents a confrontation issue against another, or (iv) where a codefendant swears to provide exculpatory testimony in a separate trial. *See id.*; *United States v. Moreno*, 618 F. App'x 308, 311 (9th Cir. 2015); *United States v. Mariscal*, 939 F.2d 884, 885 (9th Cir. 1991). Simply showing that codefendants have varying degrees of culpability or that there is an improved possibility of acquittal in a separate trial is not by itself sufficient to warrant severance. *United States v. Boyd*, 78 F. Supp. 3d 1207, 1212 (N.D. Cal. 2015) (citing *Fernandez*, 388 F.3d at 1241).

Mutually antagonistic defense are not per se prejudicial and do not mandate severance. *Zafiro*, 506 U.S. at 538-39. Mutually antagonistic defenses will only entitle a defendant to severance if the defendant can prove that "the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996).

A defendant seeking severance due to the potential spillover effects of prejudicial evidence admitted against a codefendant that would be inadmissible against the defendant at a separate trial, must demonstrate that a limiting instruction is insufficient to cure the alleged prejudice. *United States v. Nelson*, 137 F.3d 1094, 1108 (9th Cir. 1998)). For example, in *Moren*, 618 F. App'x at 311, even

though potentially prejudicial evidence regarding codefendant Roman's heroin conspiracy and gang affiliation would likely have been irrelevant and inadmissible against defendant Moreno in a separate trial, in light of a limiting instruction, the Ninth Circuit held that the district court did not abuse its discretion in denying the severance motion. *See also Christensen,* 624 F. App'x at 477 (holding defendant could not prove joint trial was "manifestly prejudicial" where district judge gave cautionary instructions to ensure co-defendant Pellicano's self-representation would not unduly prejudice his co-defendants).

A co-defendant's decision to represent himself pro se, even if he will do an ineffectual or counterproductive job, does not rise to the level of manifest prejudice. *United States v. Atcheson*, 94 F.3d 1237, 1244 (9th Cir. 1996), *as amended on denial of reh'g* (Oct. 3, 1996); see also Order of Judge Leen, ECF No. 1853 at 3. Nor is severance automatically required where a co-defendant is disruptive or engaged in courtroom outbursts. *United States v. Rocha*, 916 F.2d 219, 230 (5th Cir. 1990). Manifest prejudice requires more.

## **ARGUMENT**

Payne must do more than speculate about things that haven't happened in order to demonstrate that a joint trial will deny him a specific trial right or result in an unreliable verdict. He imagines that Ryan Bundy's demeanor before the jury may spillover on to him; however, he fails to note that the Court has absolute control over improper courtroom demeanor by any trial participant and has the authority

8

to address those issues when they occur, precisely to avoid any prejudice to any co-defendant.

For example, and as demonstrated in two previous trials, the Court has warned participants that it will order the removal any party or observer who does not comport with the Court's orders and rulings. Further, in the first trial, the Court dealt promptly with conduct issues involving defendant Engel without resulting prejudice. Thus, any improper demeanor issues by any trial participant, can be addressed by the Court at the time it occurs, as the Court has demonstrated in the past, without any resulting prejudice to any party.

Further, should Ryan Bundy do something in the proper course of his self-representation that might prejudice Payne, Payne can, like any co-defendant in a multi-defendant trial, seek cautionary admonishments and jury instructions which enjoin jurors (who are presumed to follow those instructions) to consider the evidence separately as to each particular defendant, and to disregard the comments of counsel (that is, Ryan Bundy himself) as *not* being "evidence."

> [E]ven if there were some risk of prejudice, here it is of the type that can be cured with proper instructions, and juries are presumed to follow their instructions . . . . The District Court properly instructed the jury that the Government had "the burden of proving beyond a reasonable doubt" that each defendant committed the crimes with which he or she was charged . . . . The court then instructed the jury that it must "give separate consideration to each individual defendant and to each separate charge against him. Each defendant is entitled to have his or her case determined from his or her own conduct and from the evidence [that] may be applicable to him or to her" . . . . In addition, the District Court admonished the jury that opening and closing arguments are not evidence . . . . These instructions sufficed to cure any possibility of prejudice.

*Zafiro*, 506 U.S. at 540-41 (internal quotations omitted).

9

Payne's veiled references to a "dangerous fringe element" are similarly vague and speculative and fall far short of the manifest prejudice he must show.  Payne offers no reason, based on the nature of Ryan Bundy's recent pleadings, to upend this Court's correct, reasoned rulings. As the government and Magistrate Judge Leen have previously stated, there is ample evidence that Payne and Bundy share the same views, views Payne now calls "fringe."  ECF No. 1853 at 3 ("Payne, Bundy, and other defendants have also taken the position that they have the constitutional right and duty to resist government abuse of power and overreaching").

Payne advances nothing to show that anything has changed since his other attempts to sever or how it is that Ryan Bundy's trial presentation – however he imagines it will be – is going to deny Payne an essential trial right or result in an unreliable verdict.  Payne might think he has a better chance of prevailing if he is tried without Ryan Bundy; but that possibility does not support severance. *See, e.g.*, *Zafiro*, 506 U.S. at 540 ("[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials."). Thus, Payne's Motion should be denied.

**WHEREFORE**, for all the foregoing reasons, the government respectfully requests that this Court enter an Order, denying Payne's Motion (ECF No. 2516).

**DATED** this 29th day of September, 2017.

Respectfully,

STEVEN W. MYHRE
Acting United States Attorney

*//s//*

_____
NADIA J. AHMED
DANIEL R. SCHIESS
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney

*Attorneys for the United States*

11

## <u>CERTIFICATE OF SERVICE</u>

I certify that I am an employee of the United States Attorney's Office.  A copy of the foregoing **GOVERNMENT'S OPPOSITION TO DEFENDANT RYAN PAYNE'S SECOND MOTION TO SEVER FROM PRO SE DEFENDANT RYAN BUNDY (ECF No. 2516)** was served upon counsel of record, via Electronic Case Filing (ECF).

**DATED** this 29th day of September, 2017.


// s //

_____
STEVEN W. MYHRE
Acting United States Attorney