**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No.: 2:16-cr-0046-GMN-PAL |
| vs. | ) |
| | ) **ORDER** |
| RYAN W. PAYNE, | ) |
| Defendant. | ) |

Pending before the Court is Defendant Ryan W. Payne's ("Defendant's") second Motion regarding Jury Selection (ECF No. 1673), with Supplement[1] (ECF No. 1683). The Government filed a Response (ECF No. 1790), and Defendant filed a Reply (ECF No. 1838).[2]

On January 5, 2017, Defendant filed his first Motion regarding Jury Selection. (ECF No. 1241). The Court granted in part, denied in part this motion. (ECF No. 1380). In his instant motion, Defendant makes several similar demands.

First, Defendant seeks to participate in the juror questionnaire process, suggesting modifications to the prior questionnaire. (Mot. 4:8–8-2, ECF No. 1673). Defendant asks for participation by counsel regarding for-cause and hardship excusals made prior to the in-person *voir dire*. (*Id.* 8:3–7). He asks that the parties meet and confer and submit agreed-upon prospective jurors to be struck for cause prior to *voir dire*. (*Id.* 8:8–20). He seeks extended

---

[1] Defendant's Supplement solely discusses the expected amount of time Defendant anticipates for his case-in-chief, and he states "it appears impossible that this case will be completed in 3–4 months." (Supp. 3:4–5, ECF No. 1683). As such, he additionally requests that the "jury questionnaire inform the prospective jurors what the length of this case is likely to be after ascertaining from all parties how long they estimate putting on their case will take." (*Id.* 10–12). At the Status Conference on August 31, 2017, the Government indicated that it expects its case-in-chief will be approximately 6–7 weeks. (*See* ECF No. 2331). Accordingly, the Court finds that anticipating more than four months for trial is unnecessary.

[2] The Court grants co-defendants Cliven D. Bundy, Ammon E. Bundy, and Peter T. Santilli, Jr.'s Motions for Joinder. (ECF Nos. 1685, 1686, 1687, 1692).

attorney-conducted *voir dire* because of pretrial publicity, along with individual sequestered *voir dire* when necessary. (*Id.* 8:21–9:4). Lastly, he proposes a schedule for *voir dire*. (*Id.* 9:5–7). As part of this schedule, Defendant requests completed questionnaires be provided to counsel one week prior to jury selection. (*See* Ex. B to Mot. at 25, ECF No. 1673-1).

Federal Rule of Criminal Procedure ("Rule") 24 provides guidance on *voir dire*:

> (a) Examination.
> > (1) In General. The court may examine prospective jurors or may permit the attorneys for the parties to do so.
> > (2) Court Examination. If the court examines the jurors, it must permit the attorneys for the parties to:
> > > (A) ask further questions that the court considers proper; or
> > > (B) submit further questions that the court may ask if it considers them proper.

Fed. R. Crim. P. 24(a). First, the Court notes that it is not required to provide a juror questionnaire, but it has done so. Further, the parties have no right to be involved in the questionnaire, yet the Court solicited questions from the parties and incorporated them into the questionnaire. (*See* ECF Nos. 1107, 1639). Moreover, the parties have no right to personally *voir dire* the potential jurors, but the Court allows each party time for follow-up questions, as this Court has always exercised its discretion to do under Rule 24.[3]

As such, the Court has already allowed Defendant input regarding the questionnaire. Completed questionnaires will be provided as soon as they are available. The parties will be involved in for-cause excusals. In accordance with the District of Nevada Jury Plan, the Court excuses potential jurors for hardship. *See also* 28 U.S.C. § 1863(b)(5). Defendant fails to cite any authority requiring the Court to seek his input prior to these hardship excusals. Next, the Court will not order the parties to meet and confer regarding potential jurors that may be struck prior to *voir dire* for cause; however, the parties are welcome to meet and confer and file under

---

[3] Under Rule 24(a)(1), the parties may submit questions, but the Court does not have to ask the questions if it does not believe they are proper. Further, this procedure is required only if the Court does not allow the parties to ask questions, whereas here, the Court is allowing the parties to ask questions.

seal a list of for-cause excusals by juror number, particularly any for-cause excusals stipulated to by all parties.

As the Court has explained multiple times, the Court is conducting *voir dire*. (*See* Order on Mot. for Att'y Conducted Voir Dire 2:2, ECF No. 1368); (Order on Mot. Jury Selection 2:3–9, ECF No. 1380). However, as in the previous trials, the Court will allow timed, attorney-conducted follow-up questions during the *voir dire* process for the upcoming trial. Each Defendant's attorney or pro se defendant will have fifteen minutes, and the Government will have thirty minutes.[4] Additionally, in accordance with the Court's usual procedure, the Court may allow individual sequestered follow-up *voir dire* if the Court finds it to be necessary.

Ultimately, Defendant fails to both point to a defect in the Court's current procedure and demonstrate any advantages of the alternate procedure suggested. As the history of this case indicates, the Court's current procedures resulted in selecting a jury in two and three days for the prior two trials. (*See* ECF Nos. 1552, 2161). Therefore, the Court finds that the current procedures are sufficient.[5] Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion regarding Jury Selection (ECF No. 1673) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motions for Joinder (ECF Nos. 1685, 1686, 1687, 1692) are **GRANTED**.

**DATED** this 2 day of October, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[4] The Court notes that it has always exercised its discretion pursuant to Rule 24 and permitted each counsel fifteen minutes to examine jurors during *voir dire*; however, counsel rarely ever use the full allotment of time. Perhaps this is because the examination by counsel follows the Court's examination, which already includes the questions proposed by counsel. In this case, counsel will be further aided by each juror's written questionnaire answers before *voir dire*. Therefore, the Court's usual procedure should be more than sufficient to reveal any bias or prejudice of potential jurors.

[5] The Court notes that Defendant's motion does not object to the current District of Nevada Jury Plan.