# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: 2:16-cr-0046-GMN-PAL |
| vs. | **ORDER** |
| RYAN W. PAYNE, | |
| Defendant. | |

Pending before the Court is Defendant Ryan W. Payne's ("Defendant's") Motion for Disclosure of Redacted Jury Questionnaires Completed by Prospective Jurors in Group #1 Trial (ECF No. 1529). The Government filed a Response (ECF No. 1593), and Defendant filed a Reply (1612).

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Defendant and eighteen co-defendants with sixteen counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (ECF No. 27). Six co-defendants were first tried on February 6, 2017, which ended primarily in a mistrial upon jury deadlock on April 24, 2017 (hereinafter referred to as "Trial 1"). (*See* ECF No. 1887). Retrial began for four of those co-defendants on July 10, 2017 (hereinafter referred to as "Trial 2"). (ECF No. 2142). On August 22, 2017, the jury returned a verdict fully acquitting two co-defendants, and partially acquitting with deadlock on the remaining counts for the other two co-defendants. (ECF No. 2283). These two co-defendants with remaining counts, along with Defendant and four other co-defendants are set to proceed to trial on October 10, 2017. (*See* ECF No. 2331).

In the instant motion, Defendant seeks the Trial 1 juror questionnaires to "supplement the record and provide additional information to this Court in support of his argument for

presumed prejudice" his Motion to Transfer Venue. (Mot. 3:14–15, ECF No. 1529). At the time of filing, Magistrate Judge Peggy A. Leen had already denied this motion (*see* ECF No. 1171), and Defendant had filed an Objection for this Court to review Judge Leen's Order (ECF No. 1224). Since then, the Court has resolved Defendant's Objection, finding no clear error in Judge Leen's Order and affirming the denial. (ECF No. 2056).

Additionally, Defendant seeks to "compare the level of exposure and attitudinal reactions to the instant prosecution in the Group 1 questionnaires to the Group 2 questionnaires." (Mot. 3:19–20). Defendant "predict[s] that a comparison of the two groups of questionnaires will demonstrate the prejudicial taint of the jury pool increased between the two trials." (*Id.* 21–22).

"Prejudice is presumed when the adverse publicity is so pervasive and inflammatory that the jurors cannot be believed when they assert that they can be impartial." *United States v. Croft*, 124 F.3d 1109, 1115 (9th Cir. 1997). The Court finds that the history of this case demonstrates that no presumption of prejudice is applicable. In Trials 1 and 2, the Court was easily able to seat a 12-member jury, along with 4 alternates, after only two and three days of *voir dire*. (*See* ECF Nos. 1552, 2161). Further, Trial 2's predominantly not guilty verdict further belies any argument of negative publicity impact or concern thereof.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Disclosure of Redacted Jury Questionnaires (ECF No. 1529) is **DENIED**.

**DATED** this \_\_2\_\_ day of October, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court