| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN W. PAYNE,<br><br>Defendant. | Case No. 2:16-cr-00046-GMN-PAL<br><br>***AMENDED*** ORDER<br><br>(Sealed *Ex Parte* Mots. for Subpoenas – ECF Nos. 2783–85) |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

This amended order clarifies the last page of the original Order (ECF No. 2789) with regard to the United States Marshals Service arranging for the witnesses' travel, lodging, and/or expenses.

\* \* \*

This matter is before the court on Defendant Ryan W. Payne's Sealed *Ex Parte* Motions for Subpoenas (ECF Nos. 2783, 2784, 2785), which were filed pursuant to Rule 17 of the Federal Rules of Criminal Procedure and LCR 17-1 of the Local Criminal Rules of Practice. These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7(g) of the Local Rules of Practice.

The motions ask the court to issue subpoenas to three employees of the United States Department of the Interior, National Park Service, United States Fish and Wildlife Service, and/or Bureau of Land Management ("BLM") to compel their testimony in a continued evidentiary hearing before the Honorable Chief Judge Gloria M. Navarro on Friday, November 3, 2017, at 8:00 a.m. The court has reviewed the motions and finds that Mr. Payne has met his threshold burden under Rule 17 for issuance of the subpoenas. In addition, the court has already found that Mr. Payne is indigent. Accordingly, the court will grant the motions and issue the subpoenas to the following individuals: Randy Lavasseur, Zachary Oper, and Pamela Smith. In granting the request, the court expresses no opinion regarding the admissibility or the scope of the witnesses'

proposed testimony as that is an issue for Judge Navarro to consider.

However, the court does not find good cause for the motions or this order to remain *ex parte* and under seal. *See Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978) (recognizing "a general right to inspect and copy public records and documents, including judicial records and documents."). Although ex parte applications are permissible in limited circumstances, they are generally disfavored. *United States v. Daniels*, 95 F. Supp. 2d 1160, 1162–63 (D. Kan. 2000) (ex parte applications permissible where source or integrity of evidence would be imperiled or trial strategy disclosed); *United States v. Tomison*, 969 F. Supp. 587, 589–95 (E.D. Cal. 1997) (ex parte applications permitted where a subpoena served on third party and notice would compromise trial strategy). Defense counsel informed Judge Navarro and the government of their desire to subpoena these individuals to testify at the continued evidentiary hearing in open court. *See* Oct. 25, 2017 Mins. of Proceeding (ECF No. 2782) at 2. Thus, disclosure to opposing counsel will not compromise defense strategy.

Accordingly,

**IT IS ORDERED:**

1. Defendant Ryan W. Payne's Sealed *Ex Parte* Motions for Subpoenas (ECF Nos. 2783, 2784, 2785) are **GRANTED**.
2. The Clerk of the Court shall UNSEAL Payne's motions (ECF Nos. 2783, 2784, 2785).
3. The Clerk of the Court shall issue the proposed subpoenas (ECF Nos. 2783-3, 2784-3, 2785-3) to the following individuals commanding him or her to appear at the continued evidentiary hearing before the Honorable Chief Judge Gloria M. Navarro on Friday, November 3, 2017, at 8:00 a.m.: (1) Randy Lavasseur, (2) Zachary Oper, and (3) Pamela Smith.
4. The Clerk of the Court shall deliver a copy of this Order and the subpoenas to the United States Marshal.

/ / /

/ / /

/ / /

5. The United States Marshal shall serve a copy of this Order and the subpoenas to the designated federal official:

   Special Agent Kent Kleman
   BLM Office of Law Enforcement and Security
   1387 S. Vinnell Way
   Boise, Idaho 83709

6. Pursuant to the court's September 11, 2017 Order (ECF No. 2351), Agent Kleman will accept and serve the subpoenas to the federal employees named in this Order and promptly inform defense counsel if process cannot be effected.

7. The United States Attorney's Office is not responsible for arranging for or reimbursing the witnesses for travel, lodging, or expenses. *See* Order (ECF No. 2351), U.S. Marshals Service, *Public Defender's Handbook*, available at www.usmarshals.gov/prisoner/pdhandbook.

8. Pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure and 28 U.S.C. § 1821, the United States Marshals Service is authorized to arrange roundtrip transportation and lodging for Randy Lavasseur, Zachary Oper, and Pamela Smith. Expenses for these witnesses shall be paid in the same manner as they are paid for witnesses appearing on behalf of the government in accordance with 28 U.S.C. §§ 1821 and 1825 and any applicable agency guidelines. *See also* U.S. Marshals Service, *Public Defender's Handbook*.

Dated this 26th day of October, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE