RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
BRENDA WEKSLER
Assistant Federal Public Defender
Nevada State Bar No. 8124
RYAN NORWOOD
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Ryan_Norwood@fd.org

Attorney for Ryan W. Payne

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>RYAN W. PAYNE,<br><br>                Defendant. | Case No. 2:16-cr-046-GMN-PAL<br><br>**MOTION FOR RELIEF IN LIGHT OF GOVERNMENT'S REQUESTED EXTENSION TO RESPOND TO ECF 2727**<br><br>(Expedited Treatment Requested) |

**Certification:** This Motion is timely filed.

COMES NOW defendant, Ryan W. Payne, by and through his counsel of record, Ryan Norwood and Brenda Weksler, Assistant Federal Public Defenders, and hereby moves this honorable court for relief based upon an extension sought by the government to respond to Payne's sealed motion, ECF 2727. The motion is based on the points and authorities set forth below:

**POINTS AND AUTHORITIES**

At the end of the hearing held on October 25, 2017, and as the Court was leaving the bench, the government's lawyers suddenly demanded a 60-day extension for their response to a sealed motion (ECF 2727) that Payne had filed the previous week, and which was due on November 1. After a quick discussion, the Court stated it would allow an extension of over 30 days, until December of 2017.

The motion at issue raises a number of *Giglio/Brady* issues based upon information from the extensive attachments to the two Office of Inspector General (OIG) reports concerning SAC Daniel Love, the incident commander of the 2014 cattle gathering operation at the center of this case.[1] Pursuant to this Court's October 3 order, the government provided these attachments to the defense on October 10, eight days before the filing of the motion. The motion seeks dismissal of the case, and in the alternative, makes a number of discovery requests based on information provided in these materials.

The motion is less than 30 pages and within the page limit of the local rules. The "thousand" pages complained of by the government refers to the motion's *exhibits*, which consists of the OIG attachments cited to and quoted from in the Motion. Payne's counsel deemed it important to provide these attachments in light of the government's continuing minimizations of the incident commander's "misconduct." Even during this week's hearing, for example, the government's counsel referred to the allegations as "innuendo," and suggested that the conclusions reached by the OIG reports were incorrect. The attachments show that the evidence of the incident commander's misconduct is serious, extensive, well-documented by credible sources, and (most importantly for purposes of this case) relevant to the 2014 cattle gathering operation that he planned and ran.

---

[1] Because the motion and attachments are sealed, this pleading is confined to a general discussion of the relief sought in the motion.

2

There was no good reason for the government to seek a 60 or even a 30-day extension to respond to this motion. The U.S. Attorney has had all of the documents cited and attached in this motion for at least as long as the defense, and apparently some of it for much longer. The U.S. Attorney has four attorneys assigned to this case, which they have already tried twice before. This complex trial places substantial burdens on all of the parties involved and often requires them to review evidence and address issues on short notice.

Just this week, for example, the defense received *hundreds* of pages of new discovery from the government, much of it statements and law enforcement interviews that were written years ago, and which pertain to witnesses that the government would seek to call at this trial. There is no good reason why this material – all of which is subject to a protective order insisted upon by the government – should not have been provided a long time ago. The government may contend the timing of its disclosure is permitted by the rules and the Court's orders. But if the defense, which doesn't have the government's extensive resources, is expected to review and adjust its trial strategy to such disclosures on the fly, then the government isn't in any position to request lengthy extensions to respond to a motion that is based on materials the government already had, and which was filed promptly after the defense finally obtained these materials.

To the extent the government's requested extension was based on their displeasure with the Court's decision to hear additional testimony on November 3, 2017 regarding the evidence destruction issue, there was no need to extend their deadline until December to accommodate whatever inconvenience this hearing will cause them. The government's claimed inconvenience, in any event, appears to be somewhat overstated given that they are not calling, and in some cases not even questioning, witnesses at this hearing.

The effect of the government's requested extension would be that most of the government's case would be presented before the Court could address the motion. This would result in wasting weeks or months of the Court and jury's time if the Court determined the case should be dismissed. Even if the Court were to rule that dismissal were not the appropriate

sanction, the discovery sought as alternative relief would be effectively useless to the defense if it were not granted until the end of trial.

Payne would accordingly ask the Court to do the following (and understands that the Court may have ruled on the first two requests in the context of the brief October 25 discussion):

(1) Continue the trial so the motion may be litigated and order release hearings for the defendants (as requested in the ECF 2727 itself).

(2) Alternatively, shorten the government's response deadline to no less than a week after the original deadline on November 1, 2017, and then expedite the resolution of that motion.

(3) Appoint an independent special discovery master, pursuant to the authority cited in Payne's prior motion (ECF 2159), who will be empowered to obtain, review, and resolve disputes regarding the discovery material sought in ECF 2727. This appointment will address the government's apparent concern that reviewing government materials for *Brady/Giglio* evidence poses an unfair burden on them.

(4) Until the sealed motion at ECF 2727 is resolved, bar the government from presenting the following evidence in its case-in-chief:

(a) Government witnesses named in the OIG attachments (listed in sealed attachment A).

(b) Any testimony related by other witnesses about information conveyed by the Incident Commander regarding the cattle gathering operation (for example, information about threats, planning, or orders conveyed to and through subordinate officers), whether introduced for the truth of the matter asserted therein or for some other purpose.

(c) Government witnesses for whom the government has provided "new" discovery following the filing of ECF 2727 (listed in sealed attachment A).

Payne would in any event reserve the right to raise issues regarding potential government evidence that implicates the concerns raised in ECF 2727, as they arise throughout the trial.

## CONCLUSION

For all the above reasons, and the reasons stated in ECF 2727 and other pleadings, Payne would request the Court consider and grant the relief described above.

DATED this 27th day of October, 2017.

        Respectfully submitted,
        RENE L. VALLADARES
        Federal Public Defender

By: */s/ Brenda Weksler*
        BRENDA WEKSLER
        Assistant Federal Public Defender
        Attorney for Ryan W. Payne

By: */s/ Ryan Norwood*
        RYAN NORWOOD
        Assistant Federal Public Defender
        Attorney for Ryan W. Payne

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that she is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on October 27, 2017, she served an electronic copy of the above and foregoing **MOTION FOR PERMISSION TO ALLOW WITNESS DAN LOVE TO APPEAR VIA MOTION FOR RELIEF IN LIGHT OF GOVERNMENT'S REQUESTED EXTENSION TO RESPOND TO ECF 2727** by electronic service (ECF) to the person named below:

> STEVEN W. MYHRE
> Acting United States Attorney
> ERIN M. CREEGAN
> Assistant United States Attorney
> NADIA JANJUA AHMEN
> Assistant United States Attorney
> DAN SCHIESS
> Assistant United States Attorney
> 501 Las Vegas Blvd. South
> Suite 1100
> Las Vegas, NV 89101

*/s/ Lauren Conklin*
Employee of the Federal Public Defender