# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: 2:16-cr-0046-GMN-PAL |
| vs. | **ORDER** |
| RYAN W. PAYNE, | |
| Defendant. | |

Pending before the Court is Defendant Ryan W. Payne's ("Defendant's") Motion for Clarification (ECF No. 1586) regarding the Court's Order (ECF No. 1556). The Government filed a Response (ECF No. 1654), and Defendant filed a Reply (ECF No. 1695).

The Court's February 8, 2017 Order resolved Defendant and multiple co-defendants' requests for dismissal and/or discovery stemming from the Office of Inspector General ("OIG") of the United States Department of Interior January 30, 2017 Investigative Report regarding alleged misconduct by Dan Love. (Order, ECF No. 1556). In this Order, the Court granted co-defendants' motions to compel, finding that the "OIG Report is material evidence." (*Id.* 3:16). Specifically, the Court found that "the Government is subject to certain disclosure requirements if it intends to call SSA Love as a witness . . . Even if the OIG Report is not included in SSA Love's personnel file, *Brady* and *Giglio* compel its production in unredacted form." (*Id.* 3:19–20, 4:1–3). As to the disclosure of the personnel records of other federal agents, the Court reminded the Government of its continuing duty to inspect for material information in the personnel records of federal law enforcement officers who will testify at trial. (*Id.* 4:9–12). The Court then denied the defendants' motions to dismiss, finding that "any possible prejudice is cured by the instant Order compelling production of the OIG Report." (*Id.* 4:24–25).

In his instant motion, Defendant states:

> Payne's Motion to Dismiss contained an alternative request that the Court compel the government to produce *Henthorn*, *Brady*, *Giglio*, and *Jencks* materials, including OIG's investigative file for all BLM officers, employees, and contractors who have had involvement at any level with this case and BLM's personnel records (including internal investigative records) for any BLM personnel who may have had involvement at any level with this case, as well as grand jury testimony of all BLM officers, employees, and contractors involved in this case to the defense.

(Mot. Clarification 4:9–15, ECF No. 1586). Defendant seeks clarification because the Court denied his motion to dismiss, but did not include his "ECF Number" when the Court granted the related motions to compel, even though Defendant's motion was filed both as a Motion to Compel and Motion to Dismiss.

The Court finds that Defendant's request is far too broad and inconsistent with the Court's original Order. Defendant is only entitled to the production of the requested materials regarding a particular law enforcement officer if the Government intends to call that officer to testify at trial. *See United States v. Santiago*, 46 F.3d 885, 895 (9th Cir. 1995). Therefore, the Court clarifies that it did not grant Defendant's broad alternative request regarding production of materials.

To the extent that Defendant seeks clarification regarding the phrase "related documents," (Mot. Clarification 5:2–3), the Court notes that this phrase was utilized in the following context: "[I]f the Government intends to call SSA Love as witness, then the Government must disclose to Defendants the OIG Report in unredacted form, if such a version exists, as well as any related documents." (Order 5:12–14). Therefore, under the Court's Order, Defendant is entitled to documents related to Love if the Government calls Love to testify.

Lastly, Defendant seeks clarification as to the timing of these disclosures. The Court resolved this issue at the Status Conference on August 31, 2017, ordering such disclosures no later than 30 days prior to trial. (*See* ECF No. 2331).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Clarification (ECF No. 1586) is **GRANTED in part, DENIED in part**. The motion is granted to the extent that the Court has clarified its prior Order, but denied in all other respects.

**DATED** this __31__ day of October, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court