STEVEN W. MYHRE
Acting United States Attorney
District of Nevada
Nevada Bar No. 9635
NADIA J. AHMED
DANIEL R. SCHIESS
Assistant United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov
nadia.ahmed@usdoj.gov
erin.creegan@usdoj.gov
dan.schiess@usdoj.gov

*Attorneys for the United States*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN W. PAYNE,<br><br>Defendant. | 2:16-CR-00046-GMN-PAL<br><br>**FILED UNDER SEAL**<br><br>**GOVERNMENT'S RESPONSE IN OPPOSITION TO PAYNE'S MOTION TO DISMISS, OR FOR OTHER RELIEF IN LIGHT OF OIG DISCLOSURES (ECF No. 2727)** |

**CERTIFICATION: This Response is timely filed.**

The United States, by and through the undersigned, respectfully submits its Response in Opposition to Payne's Motion to Dismiss, or For Other Relief In Light of OIG Disclosures (ECF No. 2727) ("Motion").

Payne's Motion seeks dismissal of the Superseding Indictment based on supposed government discovery violations. Among other things, Payne claims that the government's disclosure of the attachments to two reports generated by the Department of Interior, Office of Inspector General constitutes a *Brady*/*Giglio*

violation. The first report at issue is dated December 28, 2016, and second is dated July 26, 2017 (hereinafter OIG I and OIG II, respectively).

OIG I relates to an investigation into allegations of misconduct by former Supervisory Special Agent Dan Love in connection with the Burning Man Festival of August/September 2015, that occurred more than 15 months after the events of April 2014. OIG II relates to an investigation into allegations of misconduct by Mr. Love arising from the handling of evidence in March/April 2016, that occurred two years after the events of April 2014. Neither OIG I nor OIG II pertains to an investigation of allegations of misconduct by Mr. Love arising from the events of April 2014 that are the object of the Superseding Indictment in this case.

The Court previously ruled that the government was required to disclose OIG I and related documents if it intended to call Mr. Love as a witness at trial. The government did not call Mr. Love as a witness at trial and did not intend to call him as a witness at the instant trial.

On October 3, 2017, and pursuant to granting a defense motion, the Court, over government opposition, Ordered the government to disclose OIG I and II and the attachments. ECF No. 2608. Thereafter, on October 10, 2017, the government made the disclosures as ordered by the Court. Trial of this matter commenced on November 6, 2017 with jury selection. Presentation of evidence is scheduled to commence on or after November 16, 2017.

Payne's Motion should be denied because he fails to demonstrate any suppression of *Brady/Giglio* information. He also fails to show that any *Brady/Giglio* information is contained in OIG I or II or the attachments thereto.

To demonstrate a *Brady* violation, Payne must show that the information is: (1) favorable to the defendant because it is either exculpatory or impeaching; (2) suppressed by the government either willfully or inadvertently; and (3) material to the outcome of the trial. *Benn v. Lambert,* 283 F.3d 1040, 1052-53 (9th Cir. 2002). Impeachment evidence is material only "[w]hen the reliability of a given witness may well be determinative of guilt or innocence [ ]". *Giglio v. United States,* 405 U.S. 150, 154 (1972).

Here, the information the defense contends is *Brady/Giglio* (i.e. the attachment to OIG I & II) has been disclosed in advance of trial. In cases where the information has been disclosed, there is no suppression unless the "lateness of the disclosure so prejudices [defendant's] preparation or presentation of [his] defense that [he] was prevented from receiving [his] constitutionally guaranteed fair trial." *United States v. Miller,* 529 F.2d 1125, 1128 (9th Cir. 1976) (no prejudice to defendant charged with preparing false income tax returns where government late-disclosed the confession by defendant's employee to preparing the returns and defendant's defense was that the employee did it); *see also United States v. Lemmerer,* 277 F.3d 579, 588 (1st Cir. 2002) ("[I]n delayed disclosure cases, we need not reach the question whether the evidence at issue was "material" under *Brady* unless the defendant first can show that defense counsel was prevented by the delay

3

from using the disclosed material effectively in preparing and presenting the defendant's case.") (internal citations and quotations omitted). Thus, there is no prejudice from the late disclosure of evidence so long as the disclosure occurs at a time when it is of value to the defendant. *United States v. Span*, 970 F.2d 573, 583 (9th Cir. 1992) (holding late disclosure of *Jencks* material occurring after defendant completed cross-examination was not prejudicial where court provided defendant the opportunity to recall the witness for further cross-examination).

Here, the information Payne complains of has been disclosed well in advance of trial and in more than enough time for it to be of value to him at trial. To the extent he seeks to use this information to impeach witnesses at trial – a point the government does not concede – he has more than enough time to prepare to attempt to do so. Because he suffers no prejudice by the timing of the disclosure there has been no "suppression" of evidence to constitute a *Brady/Giglio* violation.

Regardless of the timing of disclosures, there is no violation because neither OIG I or II contain *Brady/Giglio* information. In preparation for the instant trial (and before the Court ordered disclosure of the attachments to OIG I and II), the government reviewed OIG I and II and any statements made in connection with those investigations by potential witnesses for the government. Its review revealed no *Brady/Giglio* information in either the OIG reports themselves or the attached statements of the government's witnesses.

Neither OIG I nor II relates to the events of April 2014 (or any of the defendants) and thus neither contains *Brady* information. With regard to potential

*Giglio* information, none of the government's witnesses was questioned with regard to the events of April 2014 and none of them states that they engaged in any misconduct in connection with the events that are the objects of OIG I and II.

Further, neither OIG I nor II contains any findings of misconduct by any of the government's potential witnesses (the government did not intend to call Mr. Love as a witness in the instant trial) and, with one exception, neither contains anything that could be construed as an allegation of misconduct by any of its potential witnesses. With regard to this one exception, and out of an abundance of caution, the government disclosed this information (and its investigation of this information) to the Court in an *ex parte* filing as allowed under *United States v. Cadet,* 727 F.2d 1453, 1468 (9th Cir. 1984) and the Court ruled that disclosure need not be made.

Further, the government's *Henthorn* inquiry into the personnel records of its potential witnesses revealed no findings or allegations of misconduct in connection with OIG I or II (or any other matter) or any ongoing or pending investigations for misconduct by OIG or BLM internal affairs arising from OIG I or II or other events, including the events of April 2014. The government *Henthorn* obligations do not extend beyond a review of the personnel files.

Payne claims that OIG I and II reveal that Special Agents Shilaikas, Oper, Johnson, and Stover, as well as BLM Rangers Briscoe and Boik, (and others not relevant here) were complicit in the alleged misconduct by Mr. Love that were the objects of the reports. Yet, neither OIG I nor II contains any findings to that effect

5

and neither of those investigations purports to relate to allegations that any of these individuals was complicit in conduct by Mr. Love or committed misconduct. Further, and as stated previously, none of these individuals states that he was complicit in Mr. Love's conduct or that he committed misconduct. Payne's allegations to that effect do not transform the OIG reports or the attachments into *Brady/Giglio* information.

Payne claims that OIG I and II contain *Brady* information because, according to him, they tend to show that Mr. Love destroyed evidence and engaged in an "endless pattern of improperly influencing intimidating his subordinates" and that this information "is directly relevant to the critical question of whether witnesses were improperly influenced in this case." Mot. at 27. Whatever the basis for this claim, none of it is *Brady* with regard to the events of April 2014. Nothing in OIG I or II states or implies that Mr. Love influenced witnesses regarding the events of April 2014, that witnesses to those events report that they were influenced by him, or that Mr. Love ever took any statements or conducted any investigation of the events of April 2014. Nor does either report contain any allegation or finding that Mr. Love collected or destroyed evidence in connection with the impoundment operation of April 2014.

Payne's citation to *Milke v. Ryan*, 711 F.3d 998 (9th Cir. 2013) is inapt. Mr. Love was neither the investigating agent nor an evidence custodian for anything related to the events of April 2014. He was a witness and a victim of an alleged assault and extortion that occurred while he served as the incident commander of a

cattle impoundment operation – he did not investigate the alleged assault or collect evidence of the assault – he is, rather, an eye witness.

There is no evidence to suggest that he ever took any statements of witnesses, reviewed statements of witnesses, or influenced witness statements or accounts of the events. Further, none of the witnesses to the events of April 2014, have stated or implied that they had any contact with Mr. Love about their accounts of those events or were otherwise influenced by him. Payne's allegations in this regard are purely speculative and thus do not give rise to a *Brady* claim.

Payne fails also to demonstrate that the Superseding Indictment should be dismissed. A district court may dismiss an indictment under either of two theories: (1) outrageous government conduct if the conduct amounts to a due process violation; or (2) if the conduct does not rise to the level of a due process violation, the court may dismiss under its supervisory powers. *United States v. Barrera–Moreno,* 951 F.2d 1089, 1091 (9th Cir.1991) (citations omitted). A district court may exercise its supervisory power "to implement a remedy for the violation of a recognized statutory or constitutional right; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and to deter future illegal conduct." *United States v. Simpson,* 927 F.2d 1088, 1090 (9th Cir.1991). However, because "[d]ismissing an indictment with prejudice encroaches on the prosecutor's charging authority," this sanction may be permitted only "in cases of flagrant prosecutorial misconduct." *Id.* at 1091.

Payne does not state under what basis he seeks dismissal. In fact, he cites no authority for dismissal at all. That said, no supposed exculpatory/impeaching evidence has been suppressed and without suppression, there is no *Brady/Giglio* violation that could form the basis for dismissal.

Lastly, Payne seeks a host of supposed alternative remedies for the imagined violations he claims occurred. As no *Brady/*Giglio violation occurred, no remedy is necessary to cure any supposed violation. Payne's Motion should be denied.

**WHEREFORE**, for all the foregoing reasons, the government respectfully requests that the Court enter an Order, denying Payne's Motion.

**DATED** this 10th day of November, 2017.

Respectfully,

STEVEN W. MYHRE
Acting United States Attorney

*/s/ Steven W. Myhre*
_____
NADIA J. AHMED
DANIEL R. SCHIESS
Assistant United States Attorneys

*Attorneys for the United States*

## CERTIFICATE OF SERVICE

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S (SEALED) RESPONSE IN OPPOSITION TO PAYNE'S MOTION TO DISMISS, OR FOR OTHER RELIEF IN LIGHT OF OIG DISCLOSURES (ECF No. 2727)** was served upon counsel of record via separate correspondence.

**DATED** this 10th day of November, 2017.

*/s/ Steven W. Myhre*
_____
STEVEN W. MYHRE
Acting United States Attorney