# Exhibit 4

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:16-CR-00046-GMN-PAL |
| v. | **DECLARATION OF SPECIAL AGENT SHARON GAVIN** |
| CLIVEN D. BUNDY, et al., | |
| Defendant. | |

I, Sharon Gavin, do hereby declare as follows:

1) During a hearing on November 7, 2017, related to the trial of U.S. v. BUNDY, et. al., information was provided from an FD-302 prepared by SA WARREN BURKE ("BURKE"), in reference to a camera that had been placed on public lands in the Gold Butte area by the FBI in April 2014. The BURKE FD-302 was located in the Police Cooperation file.

2) The court requested further information relating to the camera, to include any recordings by the camera, any monitoring of the camera and subsequent notes taken from the monitoring.

3) After the hearing on November 7, 2017, I contacted BURKE who advised that he had been assigned to escort the Electronics Technicians (ET) to respond to the surveillance camera that had been operating on public land across from the Bundy residence. BURKE was provided the information that was in his report by other employees. BURKE did not have any firsthand knowledge of the camera's capabilities.

4) After speaking with BURKE, I next spoke with SA RUDY DIEGUEZ and Electronic Technician KEVIN EGBERT as noted in the Gavin FD-302 of November 10, 2017.

5) During the morning of November 8, 2017, Acting USA Myhre spoke with DIEGUEZ and EGBERT in the presence of myself and they relayed the same information as contained in my FD-302

6) I searched the Police Cooperation File, which was created to assist BLM with their cattle impoundment operation. The reports in this file were created prior to the investigative file being opened. No reports were found documenting any recordings or notes from the surveillance camera. This information was provided to the U.S. Attorney's Office.

7) On November 8, 2017, I spoke to numerous individuals who were either in the ICP, the TOC, the EOC and who may have had any knowledge related to the camera. No information was obtained contrary to the above findings.

8) I spoke to WENDY COLLINS ("COLLINS") who was assigned to TOC during the Gold Butte Cattle Impoundment in April 2014. COLLINS advised that she did not recall any camera feed inside of the TOC truck. She advised that she did not have access to her files but could go in that night and search through her boxes to see if she could find anything. All of the above information was provided to the U.S. Attorney's Office before the completion of the Gavin FD-302.

9) On November 9, 2017, during another hearing, I received a phone call from COLLINS. COLLINS advised that after speaking to me, she talked to another

TOC operator, and that they had located the TOC log from April 5-8, 2014. Based on this information, I assumed that COLLINS had found the log in her boxes in the office and advised the prosecutors as such. I was unaware of the existence of a TOC log until told by COLLINS. COLLINS advised that the TOC log is created to keep a timeline of activities related to SWAT operations for accountability purposes. After viewing this log, COLLINS recalled that there was a live feed from the camera in the TOC truck and that she had seen the live stream, which earlier she had not recalled. On November 10, 2017, COLLINS provided a copy of the log to me that is for administrative purposes only for SWAT/TOC.

10) At a later date, I asked COLLINS specifically where the TOC log had been located, and she advised that it was on the TOC thumb drive which is kept in the TOC truck next to the computer on a designated hook and not in her boxes in the office.

11) This declaration is made pursuant to 28 U.S.C. § 1746.

I declare under penalty of perjury that statements in the foregoing Declaration are true and correct to the best of my knowledge, executed on the 14th day of December, 2017.

SHARON GAVIN
Special Agent
Federal Bureau of Investigations

3